## Commonwealth v. Neal.

*A. G. Rutherford,* for Commonwealth; *M. E. Simons,* for defendant.

SEARLE, P. J., September 8, 1930.—This matter comes before us upon petition of the defendant, praying the court to vacate its order directing him to pay his wife fifteen dollars per month, for the reason that he has obtained a divorce from her in the City of Nogales, State of Sonora, in the Republic of Mexico, on October 30, 1929. The wife, Daisy M. Neal, filed her answer to this petition, admitting the divorce, but denied that the decree of the Mexican court had any effect on her, for the reason that she was never in the jurisdiction of that court, and also that there had been no change in conditions which would warrant the vacating of said decree. We see no reason why we should vacate our order made February 13, 1930, as there has been no evidence to show that conditions have changed in the meantime. This case is very similar to Com. v. MacMaster, 88 Pa. Superior Ct. 37, and the words of the court in that case, at page 39, apply with equal force to our present case.

"These parties, as man and wife, were domiciled in Pennsylvania. The husband went to Yucatan, Mexico, and there obtained a divorce. The wife never was in Mexico. The right of the Republic of Mexico to regulate the status of its own citizens cannot, on any principle of international law, justify the attempt to draw this wife's domicile to her husband's alleged new abode. The fact that the wife had notice makes no difference, for back of it lies the want of power to the distant nation to subject her to its jurisdiction. Nothing short of the possession of the person before or at the time of the proceeding can give to the decree of the Mexican court any extraterritorial effect. The Mexican court not having jurisdiction of the person of the wife,

neither notice to her, nor even process served—outside of Mexico—can give vitality to the judgment which it pronounced. It is null and void, at least as to any extraterritorial effect: Colvin v. Reed, 55 Pa. 375; Reel v. Elder, 62 Pa. 308."

In the case before us, Daisy M. Neal, the wife, never went to Mexico and never brought herself within the jurisdiction of the court there, and has always remained a citizen and resident of the County of Wayne and State of Pennsylvania.

Under the decisions just cited, the divorce granted to the husband by a Mexican court, which did not have jurisdiction of the person of the wife, is not a bar to a proceeding against the husband to compel him to support his wife.

Now, September 8, 1930, the petition of the defendant is hereby dismissed at his costs.