## Leonard v. Leonard et al. No. 2.

*Hughes & McAlister*, for plaintiff; *Roy I. Carson*, for defendants.

CUMMINS, J., Sept. 29, 1930.—This case comes on for final hearing, on issue joined, and from the testimony thereat adduced we make the following

### Findings of fact.

1. The plaintiff, Bella Leonard, and Eli P. Leonard, one of the defendants, on Jan. 2, 1914, contracted a legal marriage, and this marriage relation still exists between them.

2. On Jan. 2, 1919, plaintiff and her said husband adopted, as their child and heir, one Martha Frances Cropp, who is now of the age of eleven years.

3. Plaintiff, on Sept. 13, 1918, acquired title from one George T. Parsons to a house and lot, situate in the Borough of West Brownsville, this county, at a consideration of $6000, $1000 of which amount she paid from cash on hand and the balance from the proceeds of a loan obtained by her from W. S. Conwell, which loan was secured by her mortgage on the aforesaid premises.

4. The aforesaid mortgage was, on April 4, 1919, sold and assigned by the mortgagee to John E. Leonard, father of plaintiff's said husband.

5. The said John E. Leonard died during the month of February, 1921.

6. During the life of said John E. Leonard, plaintiff had paid off all of this mortgage indebtedness except $2500.

7. In the settlement of the estate of said John E. Leonard, deceased, the balance due on this mortgage, to wit, $2500, was assigned by the executrix to the defendant, Eli P. Leonard, plaintiff's husband, as a portion of the distributive share due the latter from his father's estate.

8. At the time of the assignment of this mortgage, plaintiff, her husband, the defendant, Eli P. Leonard, and their adopted daughter were living together in the mortgaged premises, and there continued to so live, until the wife and adopted daughter were later deserted by said Eli P. Leonard.

40

9. The defendant, Eli P. Leonard, about June 15, 1923, without reasonable cause, separated himself from his wife, the plaintiff, which separation and desertion continues to the present time.

10. The defendant, Eli P. Leonard, in 1924, instituted in Reno, Nevada, a proceeding in divorce, wherein the cause of action averred was not alleged to have arisen in that state. Plaintiff was never a resident of and has never been in Nevada, and no personal service in said proceeding was ever had upon her. A decree in divorce was, on Sept. 26, 1924, made in said proceeding, thereby purporting to divorce the said defendant, Eli P. Leonard, from the plaintiff. The said Eli P. Leonard later married and moved to the State of California.

11. Plaintiff is now and always has been a resident of the Borough of West Brownsville, Pennsylvania, and a citizen of the Commonwealth of Pennsylvania; and since her said desertion by her husband, Eli P. Leonard, has continued to reside with their said adopted daughter in said mortgaged premises.

12. The defendant, Eli P. Leonard, is now a resident and citizen of the State of California.

13. The defendant, Eli P. Leonard, on Jan. 4, 1929, assigned to W. D. Allison, the other named defendant, the aforesaid mortgage and the indebtedness thereby secured.

14. The said W. D. Allison, through said assignment to him, acquired no legal right, title or interest in said mortgage and paid no consideration therefor, but only holds the same as trustee for the defendant, Eli P. Leonard.

15. The defendant, W. D. Allison, as trustee and agent for said Eli P. Leonard, caused to be issued on said mortgage a *sci. fa.* proceeding for the purpose of making collection of such amounts as are due thereon.

16. The defendant, Eli P. Leonard, has not provided for and refuses to provide for or support his said wife, the plaintiff.

17. The defendant, Eli P. Leonard, has property of a value in excess of $30,000.

18. There is no interest due on the aforesaid mortgage (Stuart *v.* Stuart, 182 Pa. 543).

### Conclusions of law.

1. The court has jurisdiction both over the person of defendants and such of the property of Eli P. Leonard, one of the defendants, as is within its jurisdictional limits (Duncan *v.* Duncan, No. 1, 265 Pa. 464).

2. The decree in divorce granted to the defendant, Eli P. Leonard, in the State of Nevada, is, in this state, of no effect and void (Duncan *v.* Duncan, *supra*).

3. The defendant, W. D. Allison, present assignee and legal holder of the mortgage in controversy, holds the same as trustee only for Eli P. Leonard, the other defendant.

4. In the absence of an express agreement to the contrary, the presumption of law is that the plaintiff was to pay no interest on the mortgage in question, and there is no evidence of any such express agreement (Stuart *v.* Stuart, *supra*).

5. The plaintiff, Bella Leonard, is entitled to a decree awarding her support from her said husband, Eli P. Leonard.

6. Unless exceptions be filed *sec. reg.* to this adjudication, a decree in the following form shall be entered by the prothonotary:

"And now, to wit, Sept. 29, 1930, this case came on to be heard on final hearing and was argued by counsel, whereupon, upon consideration thereof, it is ordered, adjudged and decreed as follows, to wit:

"First. That the defendant, Eli P. Leonard, pay to his wife, Bella Leonard, the plaintiff, for her support, the sum of $2000 in cash, the sum of $1000 on Oct. 1, 1931, and a similar payment annually thereafter.

"Second. That the defendant, W. D. Allison, be and he is hereby restrained and enjoined from assigning, transferring or in any manner disposing of the aforesaid mortgage or any part thereof or any moneys due thereunder, except as hereinafter ordered by the court.

"Third. That Lloyd W. Woodward is hereby appointed trustee to make collection of and liquidate the aforesaid mortgage indebtedness, with full authority to do all things necessary in connection therewith; the proceeds derived therefrom, after payment of the costs of this proceeding and the administration of this trust, to be applied on account of the payments ordered by this decree and in the order hereinabove indicated.

"Fourth. That the defendant, W. D. Allison, be and he is hereby required and directed to forthwith assign, set over and transfer the aforesaid mortgage and all moneys now due or which may hereafter become due thereunder to the said Lloyd W. Woodward, trustee aforesaid.

"Fifth. That the defendant, Eli P. Leonard, pay the costs of this proceeding. By the Court."

*Interlocutory order.*

And now, to wit, Sept. 29, 1930, it is ordered that the foregoing adjudication be filed of record; that notice thereof be given by the prothonotary to counsel of record; and, if no exceptions be filed thereto *sec. reg.*, that a final decree be entered as above indicated; and that until the filing of a final decree, the said W. D. Allison, one of the defendants above named, is hereby enjoined and restrained from assigning, transferring or in any manner disposing of the aforesaid mortgage or any part thereof or any moneys now due or which may hereafter become due thereunder.

From Harry D. Hamilton, Washington, Pa.