## Commonwealth ex rel. v. Fundenburg

*M. L. McBride*, for relator;   *T. A. Sampson*, for defendant.

McLAUGHRY, P. J., March 26, 1934.—On June 19, 1931, when the prosecutrix, Georgia R. Fundenburg, and her husband, George B. Fundenburg, were residents of Mercer County, by agreement of the parties, the court made the following order:

"And now, June 19, 1931, it is ordered that the above named George B. Fundenburg pay the costs, and pay to his wife, Georgia R. Fundenburg, for the support of herself and their child, Paul Fundenburg, the sum of $85 a month, to be paid on the 15th of each month, and that he give bond in the sum of $1,000 for the faithful performance of this order."

On November 6, 1933, the defendant, the said George B. Fundenburg, presented a petition to this court in which he alleges that he obtained a decree in divorce from his said wife in the State of Maine, and by reason of said divorce the order should be vacated as to his wife. The defendant also requests the

court to modify the order as to the amount, because of the fact that his income has been reduced.

Georgia R. Fundenburg filed an answer to the petition, denying the validity of the divorce granted in the State of Maine, alleging that no proceedings for divorce had even been brought in the State of Pennsylvania and no personal service had ever been made upon her in compliance with the laws of Pennsylvania, and that she never submitted to the jurisdiction of the court of Maine, having never at any time been in said State.

From the testimony taken at the hearing, it appears that, prior to the date when the order for support was made, the defendant was employed by Grove City College, in Mercer County, went to the State of Maine in September 1931, and in September 1932 applied for a divorce in the said State of Maine.

It further appears that a deputy sheriff of Mercer County, Pa., later came to the residence of Mrs. Fundenburg on West Poplar Street, Grove City, and served upon her a copy of the libel in the case of George B. Fundenburg against Georgia R. Fundenburg, which libel, it is alleged, was filed in the Superior Court of the State of Maine.

The question is whether or not the divorce granted to George B. Fundenburg in the State of Maine is valid in the State of Pennsylvania, so as to affect the right of Georgia R. Fundenburg to receive support from him. We have here a case where George B. Fundenburg and Georgia R. Fundenburg, husband and wife, were residents of Mercer County, Pa.; they ceased to live together as husband and wife, and an action was brought in the Court of Quarter Sessions of Mercer County, Pa., by the wife, to obtain support for herself and child. It was evidently conceded on the part of the defendant that he was not supporting his wife and child, and rather than have a hearing held by the court he agreed that the court should make an order that he pay a fixed amount monthly to his wife for the support of herself and child. He later left Mercer County, Pa., went to the State of Maine, and brought an action for divorce from his wife. She remained in Grove City, Pa., where they had lived together, and, the testimony shows, was never in the State of Maine. The only knowledge that Georgia R. Fundenburg had of such an action being brought was the service upon her of a copy of the libel by the deputy sheriff of Mercer County, Pa., the same having been forwarded to the sheriff of Mercer County from the State of Maine to be served upon the said Georgia R. Fundenburg. She filed no answer, and did not go to the State of Maine to appear at the hearing, having given the matter no attention.

It is not contended that there was any personal service within the State of Maine. We think it has been clearly decided by the Supreme Court of Pennsylvania that a divorce granted in a State where one of the parties is domiciled, and the other party has always been a nonresident and has made no defense, will be valid only in the State where it is granted. The injured party in the marriage relation must seek redress in the forum of the defendant, unless the defendant has removed from what was before the common domocile of both. If the court has not jurisdiction, neither notice nor process duly served can give vitality to its judgments. Mrs. Fundenburg has continued to make her residence in the Borough of Grove City, Mercer County, where she and her husband had previously resided, and has at all times been where a legal service could be made upon her within the jurisdiction of the residence of herself and husband prior to the separation. She was his legal wife, and if he desired to present testimony that would justify him in obtaining a divorce from her, he could not compel her to go to the State of Maine to meet his allegations of wrongdoing on her part. The Supreme Court of Pennsylvania has decided this question, and

we think it unnecessary to go further than to cite the case of Duncan v. Duncan (No. 1), 265 Pa. 464, 469:

"He alleged he went to Reno, Nevada, established a residence there, for some unstated reason began proceedings in divorce there, attempted to serve her with process in Johnstown in this State by causing to be read to her some paper the contents of which are not shown, obtained a divorce in Reno, and later sent her a copy of the decree. It is neither averred nor proved they ever lived together in Nevada, or that she ever recognized the alleged divorce. Under such circumstances even if granted it would be of no validity in this State: Colvin v. Reed, 55 Pa. 375; Reel v. Elder, 62 Pa. 308; Haddock v. Haddock, 201 U. S. 562."

The cases above cited in the Duncan case and many other cases in Pennsylvania clearly substantiate the law in this State as applicable to the case before us.

We have examined carefully the brief of counsel for the defendant. It is evident that the Constitution of the United States and the Act of Congress [28 U. S. C. § 687] provide that:

"The said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken."

There is no doubt of the correctness of this legal position, providing the court giving the judgment ever had jurisdiction over the cause of action or the person to be affected by the proceedings. In the case before us, it is not pretended that the wife of the defendant was ever in the State of Maine or even out of the State of Pennsylvania. It is alleged that there was personal service on the defendant, served at her home in this county. The courts of Maine had no power to make any order that would be binding upon any of the citizens of this State. It is well settled that want of jurisdiction may be taken advantage of in any state of the proceedings.

In the petition filed in this case the petitioner has asked for a reduction of the amount contained in the previous order, alleging that the financial condition of the defendant has changed to such an extent as to justify a reduction. Some testimony was taken at the hearing as to his present income compared with his income at the time the order was made, and we are unable to find any reason for granting this request. The amount which the defendant has been paying is not out of accord with the income which he is now receiving.

The defendant also asked that the court make a new order in which would be designated a specific amount for the wife and a specific amount for the child. We know of no reason why this should be done, and no reason has been presented to the court. The child is but 4 years of age and in charge of his mother, and in all such cases the order is made that the payments be made to the mother. If proof had been presented that the mother of the child was not properly supporting him out of the money received from her husband, there might be some merit to this request, but there is no intimation that Mrs. Fundenburg is not a fit person to have possession of the child, or that she is in any way misusing the money received.

### Order

And now, March 26, 1934, this matter came on to be heard and testimony was taken and the case argued by counsel; whereupon, being of the opinion that the order made by this court on June 19, 1931, should continue in force, the petition is dismissed at the cost of the defendant.

From W. G. Barker, Mercer, Pa.