## BOUDWIN v. BOUDWIN et al.

### No. 9479.

District Court, E. D. Pennsylvania.

Oct. 13, 1937.

R. Paul Lessy, of Chester, Pa., for plaintiff.

J. DeHaven Ledward, of Chester, Pa., for defendant Mary Alice Boudwin.

MARIS, District Judge.

The plaintiff, Prince Albert Boudwin, has filed a bill in equity against his wife, Mary Alice Boudwin, Delaware County Trust Company, and Industrial Building & Loan Association, seeking to restrain the defendants from carrying out the decree of the court of common pleas of Delaware county, Pa., hereinafter referred to, upon

the ground that its effect is to deprive him of his property without due process of law. Mrs. Boudwin, one of the defendants, has filed an answer setting up the legal defense that this court has no jurisdiction of the case because the bill discloses that the decree in question was within the jurisdiction of the court of common pleas and constituted due process. The question thus raised must be determined upon consideration of the facts as averred in the bill. The latter discloses the following situation:

Boudwin was and is a resident of the state of Delaware. Mrs. Boudwin is a resident of the state of Pennsylvania, and the two corporate defendants are Pennsylvania corporations resident in the city of Chester, Delaware county. Boudwin and Mrs. Boudwin were married on April 6, 1910, in Pennsylvania, and were divorced in the state of Arkansas, on December 7, 1934. Boudwin owns certain property in Delaware county, Pa., and is the joint owner with his wife of certain other property, including 20 shares of stock in the Sixty-Fourth series of the defendant Industrial Building & Loan Association, of ·Chester. The value of this property is in excess of $3,000.

In September term, 1934, Mrs. Boudwin filed in the court of common pleas of Delaware county, Pa., her bill in equity against Boudwin, as a nonresident of Pennsylvania, complaining that he had deserted her in the county of Delaware, and had refused to provide her with support. She invoked the remedies provided by the Act of May 23, 1907, P.L. 227, § 2, as amended (48 P.S.Pa. § 132), against Boudwin's property, real and personal, located in the county of Delaware, praying the court to direct a seizure and sale, or to mortgage sufficient of the estate to provide the necessary funds for her support. In the bill she did not set forth any particular property belonging to Boudwin, but contented herself with the allegation that he "has property, both real and personal, in the County of Delaware."

Following the filing of that bill, Mrs. Boudwin petitioned the court to direct service of it on Boudwin outside the jurisdiction with the usual indorsements calling for the entering of appearance and the filing of an answer, with notice that failure to appear and answer would result in a decree pro confesso. Upon this petition the court entered a decree directing that service be made upon Boudwin wherever found, and that upon return of service the case should proceed with the same effect as if service had been made within the jurisdiction. Thereafter, an affidavit was filed stating that service had been made upon Boudwin in the city of Wilmington, state of Delaware. An appearance was entered for Boudwin de bene esse, and he petitioned the court to set aside the service. This the court refused to do, and made an order directing him to appear and answer. From this order he appealed to the Supreme Court of Pennsylvania. 320 Pa. 147, 182 A. 536. That court reversed and set aside the order and authorized the court of common pleas to permit Mrs. Boudwin to amend her bill so as to specifically set forth therein the property of Boudwin which she asked the court to seize and apply to her support.

Thereafter, Mrs. Boudwin did so amend her bill in the court of common pleas, and thereupon that court on June 24, 1936, entered its decree, whereby it appointed defendant Delaware County Trust Company, trustee to take and seize the 20 shares of stock in the Sixty-Fourth series of the defendant Industrial Building & Loan Association, of Chester, standing in the names of Boudwin and Mrs. Boudwin, and, with the consent in writing of Mrs. Boudwin, to convert the same into cash, and from the amount received, after deducting proper expenses, to pay one-half to Mrs. Boudwin and to hold the other one-half in trust to pay to Mrs. Boudwin $15 per week for her suitable support and maintenance until further order of the court. The decree provided that notice in writing by registered mail of its filing should be given forthwith with a certified copy thereof to Boudwin by the prothonotary. After averring these facts in the bill filed in this court, Boudwin avers that said decree was made by the court of common pleas without due process of law and is void, and prays that the defendants may be enjoined from disposing of the said stock as directed therein.

The Act of May 23, 1907, P.L. 227, § 2, as amended (48 P.S.Pa. § 132), provides as follows: "Whenever any man has heretofore separated, or hereafter shall separate, himself from his wife, without reasonable cause, or whose whereabouts are unknown, and, being of sufficient ability, has neglected or refused or shall neglect or refuse to provide suitable maintenance for his said wife, proceedings may be had against any property, real or personal, of said husband,

necessary for the suitable maintenance of the said wife; and the court may direct a seizure and sale, or mortgage, of sufficient of such estate as will provide the necessary funds for such maintenance; and service upon the defendant shall be made in the manner provided in the act of General Assembly, entitled 'An act to authorize the execution of process in certain cases in equity, concerning property within the jurisdiction of the court, and on the defendants not resident or found therein,' approved the sixth day of April, one thousand eight hundred and fifty-nine."

The proceeding brought by Mrs. Boudwin in the court of common pleas under this act was one purely in rem. This was held by the Supreme Court of Pennsylvania in that very case. Boudwin v. Boudwin, 320 Pa. 147, 182 A. 536. Since it involved the title to and disposition of property within the state, the court of common pleas properly assumed jurisdiction under the Pennsylvania statute. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Jellenik v. Huron Copper-Mining Co., 177 U.S. 1, 20 S.Ct. 559, 44 L.Ed. 647. In such a proceeding it is essential that there should at least be constructive notice by some form of publication or advertisement to adverse claimants to appear and maintain their rights. Windsor v. McVeigh, 93 U.S. 274, 23 L.Ed. 914; Hassall v. Wilcox, 130 U.S. 493, 9 S.Ct. 590, 32 L.Ed. 1001. As to this it will be seen that the act of 1907 provides that service shall be made in the manner provided by the Act of April 6, 1859, P.L. 387, § 1 (12 P.S.Pa. § 1254). That act authorizes service upon a nonresident defendant to be made upon him personally wherever he may be found. This is a sufficient compliance with the due process clause in an action in rem. Roller v. Holly, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520. All that is required is that a respondent beyond the jurisdiction be given reasonable notice of the pendency of the proceeding. He may ignore the notice if he likes, in which case, while no personal decree ·may be entered against him, the proceeding will go ahead against any property of his within the jurisdiction which the court has taken within its grasp.

Upon considering the facts of the present case, we are clear that the requirements of due process were complied with by the court of common pleas. Boudwin was given actual notice of the proceeding and in fact appeared specially to contest the service. The Supreme Court, in its opinion reversing the order requiring him to appear and answer, pointed out that the proceeding might continue against his property in his absence and it authorized the court of common pleas to permit an amendment of the bill directing it to specific property, which amendment was subsequently made. Under these circumstances Boudwin cannot be heard to object that he did not have notice of the proceedings, nor an opportunity to defend. This, however, as we have shown, is all that the due process clause guarantees him. His decision to ignore the proceeding in Delaware county, instead of defending it, was his own, and since he had notice of the proceeding he cannot now complain that he was denied due process because the decree went against him.

Nor can he be heard in this proceeding to argue that the decree violated the law of Pennsylvania in subjecting property held by entireties to his obligation to support his wife. The decree of the court of common pleas cannot thus be collaterally attacked. For the purposes of this suit it must be presumed to represent a correct application of the law of Pennsylvania. If there was error in it, he had his opportunity to except to it and to appeal from it. This he elected not to do, and he cannot now argue its merits in this court. To do so would be in effect to ask this court to entertain an appeal from the court of common pleas. No more is needed to demonstrate that this court has no jurisdiction of this bill.

A decree dismissing the bill may be entered.