### BOUDWIN v. BOUDWIN et al.
### No. 6720.

Circuit Court of Appeals, Third Circuit.
Feb. 21, 1939.

512

R. Paul Lessy, of Chester, Pa., for appellant.

J. DeHaven Ledward, of Chester, Pa., for appellees.

Before BIGGS and CLARK, Circuit Judges, and KALODNER, District Judge.

KALODNER, District Judge.

This is an appeal from the order of the court below dismissing the bill of complaint upon preliminary objections thereto.

The bill sought to enjoin the appellees from acting in accordance with a decree of the Common Pleas Court of Delaware County, in the Commonwealth of Pennsylvania.

The basis of the appellant's complaint is two-fold, (1) that the enforcement of the decree of the Delaware County Court would deprive him of his property without due process of law, and (2) that the Delaware County Court had neither right nor power to make the decree.

■ This court may not concern itself with the second contention. The question of whether the decree of the County Court is in accord with the Pennsylvania statutes and decisions is one for determination by the Pennsylvania Courts unless the abridgment of a right issued to the appellant by the Constitution of the United States is involved. Plainly, this is not the case.

The question subject to our adjudication therefore is whether the appellant is being deprived of property without due process of law by the action of the County Court, either because proceedings resulting in disposition of his property have taken place in Pennsylvania without such service as would meet the requirements of due process or for some other reason.

The determination of this question requires a review of the proceedings in the State courts.

Mary Alice Boudwin, appellee, and wife of the appellant, filed her bill in equity in the County Court against the appellant, then a non-resident of Pennsylvania, seeking to invoke remedies provided by State Acts against the appellant's property, real and personal, located in Delaware County, Pennsylvania, and praying the court to direct a seizure and sale, or to mortgage sufficient of the estate to provide funds for her support.

Subsequently, the wife petitioned the County Court to direct that extra-territorial service of process and of the bill be made on the husband as provided for in another Pennsylvania statute—the Act of April 6, 1859, P.L. 387, Section 1, 12 P.S. § 1254. The County Court granted the prayer of the petition and entered a decree directing that service be made upon the husband wherever found. Subsequently, an affidavit of service was duly filed.

The husband thereupon appeared in the County Court de bene esse with a petition to set aside the service. The prayer of the petition was dismissed and an order made directing the husband to appear and answer. Instead, he appealed from that order to the Supreme Court of Pennsylvania.

The latter court set aside the County Court's order directing the appellee *to appear and answer,* upon the ground that the order was unwarranted, and that the County Court had no power to order *an appearance and answer:* holding that the proceedings in the County Court were in rem, and that the husband might ignore the notice of the proceedings at his pleasure.

The Supreme Court further held that the bill in equity filed in the County Court was insufficient in formal respects, because it had failed to set forth a specific description of the property mentioned therein. The opinion of the Supreme Court concludes in this fashion (Boudwin v. Boudwin, 320 Pa. 147, 150, 182 A. 536, 538):

"The property of the defendant which the court is asked to seize must be specifically set forth in the bill. This matter was not adverted to in the court below and for that reason we shall not direct the dismissal of the proceeding. *We authorize the court below to permit plaintiff to amend in order that the proceeding may go forward in the way the statute contemplates.*

*"The order of the court below is reversed and set aside with a procedendo. Costs to abide the final result."* (Italics ours.)

Upon the return of the case to the County Court by virtue of the procedendo, the bill of complaint was amended to provide a specific description of the property. Further proceedings were had, and ultimately the County Court entered a decree appointing Delaware County Trust Company (another appellee) a trustee, and directing the trustee to convert certain personalty of the husband (appellant herein) into cash for the benefit of the wife. Thereupon the husband, as plaintiff below, instituted, in the United States District Court, the proceedings from the dismissal of which he has appealed here.

■■ It is necessary for us to determine whether or not the seizure of the appellant's property as directed in the final decree of the county court amounts to a taking of property without due process. U.S. C.A.Const. Amend. 14.

An examination of appellant's brief and of the pleadings discloses that he does not question the constitutionality of the Pennsylvania Act of May 23, 1907, P.L. 227, and its supplements, 48 P.S. §§ 131, 132, providing that a county court may apply the property of a separated husband to the support of his wife. They further disclose that he does not attack the constitutionality of the above mentioned Act providing for service upon non-residents (Act of 1859, P.L. 387, 12 P.S. § 1254). Further, none of those Acts has ever been declared to be in contravention of either the State or Federal Constitutions so far as rem actions are concerned.

To support his position, therefore, the appellant must show that he had no notice of the proceedings in the State court, or no such notice as would satisfy the requirements of due process.

The record, however, shows the precise opposite. It abounds with proof that the appellant had notice of the proceedings in the State courts. Some of the proceedings, indeed, were initiated by the appellant himself—his entry of appearance de bene esse, his petition and rule to set aside the service upon him, and the appeal to the State Supreme Court.

It should be observed that the State statute, providing for service on non-residents, does not require or contemplate that a copy of every pleading filed in the State proceedings be served upon defendant therein. The intendment of the statute is that a non-resident defendant be notified of the *institution* and *pendency* of the proceedings against him, by such manner of service of process as the State court may direct—except that a copy of the pleading initiating the proceedings, together with a copy of the order authorizing the service thereof, must by the terms of the statute be served upon the defendant. These provisions, if carried out, adequately apprize a defendant of the fact and nature of the proceedings. If he cares to contest them, and if in the course of the contest he desires that he be served with copies of all pleadings, he may cause a general appearance to be entered for him, whereupon by operation of the rules of the various county courts, he will be entitled to be served (through his counsel) with copies of all pleadings. Or, he may ignore the proceedings and the notice which he receives thereof, and permit them to follow their course without his opposition.

It is evident from the record that the appellant was duly served with notice of the State proceedings, since he petitioned the county court to set the service aside after entering a special appearance. Moreover, he pursued his attack upon the service vigorously, carrying his appeal to the Supreme Court of the State. Nor did he at any time attack the affidavit of service filed in the county court. He cannot be heard to say, therefore, that he did not receive due notice in accordance with the Pennsylvania statutes.

But, the appellant argues, both in paragraph 11 of his bill of complaint in the court below, and on pages 19–20 of his

brief, that the Supreme Court of Pennsylvania declared that service "to be void."

There is no basis for this contention, as the opinion of the Pennsylvania Supreme Court in Boudwin v. Boudwin, supra, discloses. All that court did was to reverse the order of the county court directing the appellant (defendant in the county court proceedings) *to appear and answer.* It neither set aside the service upon the husband, nor declared it void. On the contrary, it specifically authorized an amendment of the bill of complaint filed in the county court, so that the proceedings there might "go forward": and sent the case back to the county court *with a procedendo.* The appellant, of course, knew or must have known of this action of the State Supreme Court—it was in disposition of his own appeal; and it is difficult to conceive what better notice he could have had that the proceeding against his property was to continue. However, he chose to permit the further proceedings in the county court to go on without interposition by him. That was his affair, and he cannot be heard now to complain of their outcome.

The appellant further objects that the county court directed that he be notified of its final decree by registered mail. But the nature of this service becomes immaterial in any event, since he has had actual notice of the final decree, as he must have had, since it is one of the matters he complains of in his action in the District Court. Moreover, we do not find in the Pennsylvania statutes any requirements whatever that service of a final decree be made in such cases at all.

As was well said in the able opinion of the court below (D.C., 20 F.Supp. 903, 905) : "Under these circumstances Boudwin cannot be heard to object that he did not have notice of the proceedings, nor an opportunity to defend. This, however, as we have shown, is all that the due process clause guarantees him. His decision to ignore the proceeding in Delaware county, instead of defending it, was his own, and since he had notice of the proceeding he cannot now complain that he was denied due process because the decree went against him." See Roller v. Holly, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520.

The complicated nature of the proceedings in the State courts has somewhat prolonged the discussion of this case, but in essence the problem is simple. If the appellant was duly served, in accordance with the Pennsylvania statutes, with notice of the pendency of the State proceedings against him, then the seizure of his property by direction of the county court is not a taking of his property without due process. The record contains abundant proof that he has been so served, and that he has had due notice of the proceedings. Accordingly, his complaint that he has been denied due process is groundless, and the action of the court below in dismissing his bill upon preliminary objections was proper.

■■ We desire to make a further comment. The appellant argues in his brief that the appellees' motion to dismiss in the court below admitted, so far as argument upon the motion was concerned, the truth of all the averments in the bill of complaint, including the averments that the final decree of the county court violated due process and was void. The argument is clearly fallacious. Demurrers admit the truth of averments of fact, but not of conclusions of law. The averments in the appellant's bill, relative to the lack of due process and to the invalidity of the final decree of the county court, are patently conclusions of law, and are, of course, not admitted by a demurrer or by a motion to dismiss in the nature of a demurrer. If the appellant's contention were valid, all demurrers or pleadings in the nature thereof could be nullified by the simple expedient of including in any initial pleading an averment that the pleader had a good cause of action.

The court below was entirely correct in its ruling that the instant proceeding is nothing less than a collateral attack upon the action of a State court. Accordingly the decree of the court below dismissing the bill is affirmed.