## Decker v. Decker

*Edmund Wells*, for plaintiff.
*Joseph Prince*, for defendant.

DANNEHOWER, J., October 29, 1956.—Plaintiff brings this action in equity for support and maintenance under the Act of December 15, 1955, P. L. 878, sec. 2, 48 PS §132, on behalf of herself and her three minor children against defendant, from whom she had been divorced, and seeks to impose a lien upon, appoint a trustee and order the sale of his real estate within the jurisdiction of this court.

Defendant, who is a nonresident of this State, filed preliminary objections to plaintiff's complaint, raising questions of jurisdiction and averring that plaintiff has an adequate remedy at law.

The matter was argued before the court en banc and is now before us pending decision.

The Act of December 15, 1955, supra, provides in part as follows:

"Whenever any man has heretofore separated . . . himself from his wife or children, without reasonable cause, or whose whereabouts are unknown, and, . . . has neglected or refused . . . to provide suitable maintenance for his said wife or children, proceedings may be had against any property real or personal of said husband necessary for the suitable maintenance of the said wife or children; . . . and service upon the defendant shall be made as in other actions, at law or in equity . . .".

Inasmuch as plaintiff is no longer the wife of defendant it is apparent that she has no cause of action in her own right under the above statute, and the preliminary objections as to her should be sustained.

However, her right to proceed against her former husband on behalf of the minor children is secured by the above act, and the preliminary objections raised by defendant with respect to the children are accordingly without basis and should be dismissed. The presence of defendant's property within the territorial limits of the court provides the basis for the court's jurisdiction

over the cause and allows for a proceeding in rem which can be enforced against this property: Boudwin v. Boudwin, 320 Pa. 147.

Defendant, by written agreement, had contracted to pay to the mother $300 monthly for the support of his three minor children, which he has failed to do. He, therefore, has neglected or refused to provide suitable maintenance for these minor plaintiffs.

We must now ascertain whether equity has jurisdiction or whether the matter should be certified to the law side of the court.

Reference to the literal terms of the statute, which provides, inter alia, that: ". . . service upon the defendant shall be made as in other actions, *at law or in equity* . . .", satisfies us that the legislature intended to confer jurisdiction in equity or at law in a case such as this. (Italics supplied.) In Kerstetter v. Kerstetter, 29 D. & C. 495, 501, the court, in disposing of the same question, stated: "The proceeding in equity is much more satisfactory and elastic and allows the court to mold the order to suit the case in the way that an order for execution could not provide . . .". See also Jarrett v. Jarrett, 30 Lack. Jur. 199; Scureman v. Scureman, 76 D. & C. 242.

In view of the foregoing, we are of the opinion that defendant's preliminary objection to equity's jurisdiction in the present case is without merit and must, therefore, be dismissed.

### Order

And now, October 29, 1956, the preliminary objections as to plaintiff in her own right are sustained and her name as a plaintiff individually shall be stricken from the complaint; defendant's preliminary objections as to the minor children and to the complaint in equity are dismissed and defendant is required to file an answer thereto within 20 days from this date.