## Duncan *v.* Duncan, Appellant (No. 1).

*Practice, Supreme Court—Appeals—Harmless error—Findings of fact.*

1. The court will not reverse the findings of fact of the court below unless clear error is shown.

*Divorce—Foreign divorce—Recognition of decree—Appearance.*

2. An appellant cannot successfully object to a ruling which did him no harm.

3. A divorce granted in another state, where the parties never resided together, and for causes not arising therein, is of no validity here, unless the respondent appeared to the action, or in some way recognized the alleged divorce.

*Practice, Equity — Replication — Pleadings — Trial—Husband and wife—Desertion—Abuse of discretion—Appeal—Acts of May 23, 1907, P. L. 227; April 27, 1909, P. L. 182, and July 21, 1913, P. L. 867.*

4. When a case is heard upon a bill and answer without a replication, all the material averments of the answer will be taken as true, whether responsive to the bill or new matter in avoidance thereof.

5. Under such circumstances the court will not look beyond the pleadings.

6. But this principle does not apply where the defendant proceeds to trial without ruling plaintiff to file a replication, as provided by the 46th Equity Rule.

7. It is not improper to allow a replication to be filed nunc pro tunc, where without calling attention to the fact that none had been filed defendant proceeded with the trial exactly as if it had been, and by his requests asked the court to decide the case upon the evidence produced.

8. Under such circumstances it is not error to refuse to reopen the case after replication filed nunc pro tunc, where defendant does not allege he was misled, and gives no reason why the case should be reopened.

9. An application to reopen a case is addressed to the sound discretion of the court, and its decision will not be reversed except for clear error.

Submitted September 29, 1919. Appeal, No. 67, Oct. T., 1919, by defendant, from decree of C. P. Cambria Co., June T., 1918, No. 1, on bill in equity in case of Mary E. Duncan v. Charles E. Duncan. Before BROWN, C. J., STEWART, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity by wife against husband for support under the Act of May 23, 1907, P. L. 227, and its supplements of April 27, 1909, P. L. 182, and July 21, 1913, P. L. 867. Before BAILEY, P. J., specially presiding.

The court entered a decree against defendant requiring him to pay $3,000 in cash and $2,000 annually. Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*Forest & Percy Allen Rose,* for appellant.—The courts of this Commonwealth are not constituted to adjust differences which may arise between a husband and wife who may have been at some time casual sojourners within its jurisdiction. The fact that the husband has property within the jurisdiction is a mere incident and has no bearing upon the question: Fulford v. Fulford, 38 Pa. C. C. R. 142.

The defendant is entitled to raise the question of the lack of the court's jurisdiction at this time: Williams v. Fowler, 201 Pa. 336.

The plaintiff did not abandon her original domicile in the City of Buffalo, New York, for the purpose of taking up a permanent domicile in Cambria County, Pennsylvania, but the fact is that at the time of the hearing she was remaining there until the case was disposed of. Thereafter she had no fixed determination as to her domicile, and in the absence thereof her sojourn in that county does not establish the domicile which is required by the act in question which is necessary to afford its courts the jurisdiction contended for by the plaintiff: Hunnings v. Hunnings, 55 Pa. Superior Ct. 261; Roth v. Roth, 27 Pa. Dist. Rep. 909; Hindman's App., 85 Pa. 466; Price v. Price, 156 Pa. 617; Halpine v. Halpine, 52 Pa. Superior Ct. 80.

In the absence of a replication, the case having been set down for trial on bill and answer, the defendant was entitled to the benefit of the rule that where a cause in equity is thus heard, all material or relevant averments of fact contained in and proper for the answer must be accepted as true, whether responsive to the bill or con-

stituting independent matters of defense:     Horton's
App., 13 Pa. 67; Russell's App., 34 Pa. 258.

*J. Earl Ogle, Jr.,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1920:
Plaintiff filed a bill in equity against her husband,
averring he had deserted her without reasonable cause,
and though being of sufficient ability had neglected or
refused to provide suitable maintenance for her; and
prayed, in accordance with the provisions of the Acts
of May 23, 1907, P. L. 227; April 27, 1909, P. L. 182,
and July 21, 1913, P. L. 867, the court to direct a seizure
and sale or mortgage of sufficient of his estate to pro-
vide for her maintenance.   The defendant's answer de-
nied he had deserted her without reasonable cause, and
averred their separation was due to her cruel and bar-
barous treatment of him, which had rendered his ex-
istence intolerable and life burdensome, and that he had
obtained a valid divorce from her.   Without the filing
of a replication, and without the attention of the court
being called thereto, the case was tried in the usual man-
ner, evidence was taken, requests for findings of fact
and conclusions of law were presented by each party,
and the case was fully argued upon the evidence pro-
duced.   Subsequently, under objection and exception,
plaintiff was permitted to file a replication nunc pro
tunc as of a date preceding the time of trial; and about
a month and a half later defendant made a motion to
reopen the case which was refused, and an exception
granted.   The adjudication was in favor of plaintiff for
part of the relief sought; both sides excepted, the ex-
ceptions were dismissed, a final decree entered, and de-
fendant now appeals.

The thirty-three assignments of error may be consid-
ered under six heads: (1st.) Was defendant's desertion
without justification or excuse?   (2d.) Was plaintiff a
resident of Cambria County, Pennsylvania, at the time
of the desertion and subsequently?   (3d.) Was defend-

ant possessed of property, within the jurisdiction of the court? (4th.) Were the parties husband and wife? (5th.) Were the costs properly charged upon the funds in the hands of Gertrude H. Duncan, defendant's sister? (6th.) Did the court below err in allowing the replication to be filed nunc pro tunc, and in refusing to reopen the case? The first two of these questions will be considered together.

Upon abundant evidence the court below found the following facts: Plaintiff and defendant were married in Greensburg in this State, and in the early part of 1917 were living together in Buffalo, New York, where (as he avers in his ninth request for a finding of fact) she "was deserted by her husband......on the 5th day of February, A. D. 1917," he removing to Johnstown, Cambria County, in this State and taking up his residence with his parents. He wrote her from Johnstown, telling her he had taken up his residence there, asking her to come and live with him at a home he would provide, and to bring with her all their personal belongings. In compliance with his request she came, and, he not meeting her at the railroad station, she went to his parents' house in Johnstown, but was unable to remain because the family objected. Defendant then took her to a hotel in that city, and paid her board, but within a short time he again deserted her without cause and went West, writing her "I hope that I will never see or hear from or of, you, or any one connected with you again." Thereafter he sent her small sums of money for a time, but never returned to her or asked her to come to him. Continuously since then she has lived in Cambria County. Even if we thought the court below might have found the facts otherwise, which we do not, as there was abundant evidence to support the findings, they will not be disturbed on appeal: First National Bank of Pittsburgh v. McKinley Coal Co., 210 Pa. 76.

Was defendant possessed of property within the jurisdiction of the court? Admittedly he was possessed of

the household belongings brought from the Buffalo home, and even if we assume despite his general appearance by counsel, that the existence of property subject to seizure was essential to sustain the jurisdiction of the court below, those household belongings within the county would suffice for that purpose, irrespective of the stock and cash which were decided to be his, and the correctness of which decision he is not in position to challenge. If they were his they were properly seized; if not, he was not injured, and therefore has no legal ground of complaint.

Were the parties husband and wife? It is admitted they had been married, and the relation continued unless he subsequently obtained a valid divorce. There was, however, no competent evidence to prove a divorce. There was evidence he alleged he went to Reno, Nevada, established a residence there, for some unstated reason began proceedings in divorce there, attempted to serve her with process in Johnstown in this State by causing to be read to her some paper the contents of which are not shown, obtained a divorce in Reno, and later sent her a copy of the decree. It is neither averred nor proved they ever lived together in Nevada, or that she ever recognized the alleged divorce. Under such circumstances even if granted it would be of no validity in this State: Colvin v. Reed, 55 Pa. 375; Reel v. Elder, 62 Pa. 308; Haddock v. Haddock, 201 U. S. 562.

Was it error to charge the costs upon the funds in the hands of Gertrude H. Duncan? Either those funds did or they did not belong to defendant. If they did, admittedly the costs were properly charged thereupon, for they were funds seized as provided by the statutes. If they did not, he is not injured by the costs being so charged, and cannot be heard to complain thereof.

Did the court below err in allowing the replication to be filed nunc pro tunc? It is true when a plaintiff orders a case for argument upon bill and answer, without a replication, he concedes the truth of all the ma-

terial averments of the answer, whether responsive to those of the bill, or new matter in avoidance thereof: Mazet v. Pittsburgh, 137 Pa. 548. Equity Rule 46, provides, however, that if plaintiff does not file his replication within ten days after receiving a copy of the answer, "the defendant shall be entitled to a rule upon him to reply within ten days after notice of such rule; on failure to file such replication with notice to defendant's counsel, the plaintiff shall be deemed to have abandoned his right to traverse the matters alleged in the answer." It is a fair inference from this rule that the conclusive effect of the averments of the answer does not arise where, as here, the defendant did not take a rule to file a replication. This is admitted by defendant, who says in his paper-book: "Plaintiff not having been ruled by the defendant to file her replication, the plaintiff had the right to introduce what evidence she saw fit in contradiction of the facts averred in the answer."

Moreover, if this conclusive effect existed notwithstanding defendant's failure to take the rule, then upon the trial of the case it was his duty to object to any evidence being produced and to move for the dismissal of the bill because the answer set up a complete defense; for in that event "the court cannot look beyond the pleadings": Randolph's App., 66 Pa. 178. He did neither of these things. His counsel took part in the trial throughout, but did not call attention to the fact that a replication had not been filed. On the contrary, he and everybody else proceeded with the trial in all respects as if the replication had been filed. He treated the evidence taken as valid for all purposes, and in his requests for findings of fact and conclusions of law asked the court to decide the case solely upon that evidence. When, therefore, the court allowed the replication to be filed nunc pro tunc, it only made the record accord with everybody's conduct at the trial, did not

alter the legal status of the case in any respect, and hence did not abuse its discretion.

Should it have reopened the case upon defendant's request? We have frequently decided that an application to reopen a case is one addressed to the sound discretion of the court, and its decision will not be reversed except for clear error: Roddy's App., 99 Pa. 9; Bailey's Est., 208 Pa. 594. As the legal status here was not altered by the filing of the replication, defendant was required to state his reasons for desiring the case to be reopened. This he did not do. His petition did not set forth any reason for the request; it did not allege that anything was done or left undone because the replication had not been filed sooner, or even that he had additional evidence he desired to produce. For all that appears of record his only reason may have been to delay the progress of the case, or to have a reargument. Under such circumstances we cannot say the refusal to reopen the case was a clear abuse of discretion, and hence we cannot reverse upon that ground.

The decree is affirmed and the appeal dismissed at the costs of appellant.