# Commonwealth *v.* MacMaster, Appellant.

*Appeals—Order of support—Review by appellate court.*

On an appeal from an order of the court of quarter sessions compelling a husband to support his wife, it is the duty of the appellate court to ascertain whether there is evidence to sustain the order.

*Nonsupport—Agreement to pay alimony pending divorce proceedings—Effect—Foreign divorce.*

An order compelling a husband to support his wife is not affected by a voluntary agreement to pay alimony pending divorce proceedings.

A divorce granted to a husband by a Mexican Court, which did not have jurisdiction of the person of the wife, is not a bar to a proceeding against the husband to compel him to support his wife.

*Support—Order—Retroactive decree.*

An order for support cannot be made retroactive.

Argued March 8, 1926. Appeal No. 133, April T., 1926, by defendant, from order of C. C. Allegheny County, 1925, No. 840, in the case of Commonwealth of Pennsylvania (Louise MacMaster) v. Charles Mac-Master. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Modified and Affirmed.

Proceeding for nonsupport. Before KENNEDY, P. J.

The facts are stated in the opinion of the Superior Court.

The court ordered defendant to pay his wife $40 a month. Defendant appealed.

*Error assigned,* among others, was the order of the court.

*L. C. Barton,* for appellant.

No printed brief for appellee.

OPINION BY PORTER, P. J., April 30, 1926:

The appellant was tried in the court below upon an information charging desertion and failure to support his wife, and, on January 7, 1926, was ordered to pay to his wife the sum of $40 per month, from June 15, 1925, for her support, and to give security for the performance of the order. The record discloses that the husband was charged with desertion upon the oath of his wife, a hearing was duly had, which resulted in a conviction and appropriate sentence. This being a certiorari to a proceeding before a judge of the court below, out of the course of the common law, our only course would formerly have been to affirm the judgment: Commonwealth v. Smith, 200 Pa. 363. The effect of legislation since that case was decided has been to place upon the appellate court the duty of ascertaining whether there was evidence to sustain the judgment of the court below. It was admitted in the present case that the complainant and the defendant were married and that the husband had contributed nothing to the support of his wife for six months prior to the date of the information, which evidence was in itself sufficient to sustain the order made by the court.

The appellant contends that the court was without jurisdiction to entertain this proceeding for two reasons. (1) That in October, 1923, he had entered in the Court of Common Pleas of Allegheny County a proceeding to obtain a divorce from his wife. (2) That in November, 1924, he had been granted a divorce from his wife in proceedings in Yucatan, Republic of Mexico, of which his wife had received personal notice. There is no merit in either of these contentions. When the appellant attempted to proceed for a divorce in the Court of Common Pleas of Allegheny County, the wife resisted the application and counsel representing each of the parties informally agreed that the husband should pay alimony at the rate of $60 per month

during the pendency of the action, which agreement
the appellant complied with until he obtained his al-
leged divorce in Mexico, when all payments ceased.
The Court of Common Pleas had never made an order
providing for the payment of alimony pendente lite.
Even if it had, that action would not have deprived the
court below of jurisdiction to prevent the wife becom-
ing a public charge, both orders might have run con-
currently during the pendency of the proceedings:
Heilbron v. Heilbron, 158 Pa. 301.

These parties, as man and wife, were domiciled in
Pennsylvania. The husband went to Yucatan, Mexico,
and there obtained a divorce. The wife never was in
Mexico. The right of the Republic of Mexico to regu-
late the status of its own citizens cannot, on any prin-
ciple of international law, justify the attempt to draw
this wife's domicile to her husband's alleged new
abode. The fact that the wife had notice makes no dif-
ference, for back of it lies the want of power of the
distant nation to subject her to its jurisdiction. Noth-
ing short of the possession of the person before or at
the time of the proceeding can give to the decree of the
Mexican court any extraterritorial effect. The Mexi-
can court not having jurisdiction of the person of the
wife, neither notice to her, nor even process served—
outside of Mexico,—can give vitality to the judgment
which it pronounced. It is null and void, at least as to
any extraterritorial effect: Colvin v. Reed, 55 Pa.
375; Reel v. Elder, 62 Pa. 308.

The court did not err in ordering that the defendant
pay $40 per month for the future support and main-
tenance of his wife. The order made by the learned
judge of the court below went further than this, how-
ever, and made its order retroactive, until June 15,
1925. The judgment must, therefore, be modified, so

that it shall be effective only from January 7, 1926, the date when the order was entered: Keller v. Commonwealth, 71 Pa. 415.

The judgment is modified, as above indicated, and as modified is affirmed.