## Shreve v. Shreve et al., Appellants.

426

Submitted September 30, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*R. M. Orcutt* and *Marsh & Eaton,* for appellant.—An extraterritorial service on a nonresident defendant in equity is not valid where bill in equity asks for relief by decree against defendant personally and the question of jurisdiction over defendant is raised preliminarily under an appearance de bene esse: Coleman's App., 75 Pa. 441; Wallace v. Electric Co., 211 Pa. 473; Lebanon Val., etc., Water Supply Co. v. Trust Co., 257 Pa. 284; Vandersloot v. Water & Power Co., 259 Pa. 99.

An extraterritorial service on a nonresident defendant in equity is not valid where the prayers for relief contained in the bill in equity are not confined to property alleged to be within the jurisdiction of the court and the question of jurisdiction over defendant is raised preliminarily under an appearance de bene esse: Vandersloot v. Water & Power Co., 259 Pa. 99.

*A. Grant Walker* and *Gunnison, Fish, Gifford & Chapin,* for appellee.—Extraterritorial service on a non-resident defendant in equity is valid where a bill in equity asks for the seizure of the property of husband defendant for the support of the plaintiff wife, the fixing of the amount of support being only incidental to the main issue: Erdner v. Erdner, 234 Pa. 500; Duncan v. Duncan, 265 Pa. 464.

OPINION BY MR. JUSTICE SCHAFFER, November 23, 1931:

We are here concerned with an extraterritorial service in an equity proceeding. Was the service valid, is the question?

Plaintiff, wife of one of the defendants, C. L. Shreve (with whom at present we are not called upon to deal), filed this bill in equity against him and Fred G. Shreve, in which she set forth that her husband had deserted her and their minor child, and had gone to the State of Oklahoma, and had not adequately contributed to their support; that at the time of their separation he was the owner of real and personal property located within the jurisdiction of the court; that the real estate was subject to a mortgage which he allowed to become in default, as a result of which, the property was put up at sheriff's sale and was sold to Fred G. Shreve at his bid of $18,000, which sum is $10,000 in excess of the amount necessary to discharge the mortgage. The bill further avers that, prior to the sheriff's sale, Fred G. Shreve had entered a judgment against C. L. Shreve for $26,000 on three judgment notes and that he had sought to apply this judgment in payment of the balance of the sheriff's sale price of the property above the amount required to satisfy the mortgage. The bill alleges that the judgment notes on which the judgment in favor of Fred G. Shreve was entered are fictitious and were fraudulently given by C. L. Shreve to Fred G. Shreve without consideration and for the purpose of defeating the com-

plainant's dower rights in the property. It is pointed out in the bill that she had presented a petition to the court below to open the judgment and to allow her to defend against it, to which an answer was filed and testimony taken, and that the matter is pending before the court; that pending decision thereon the court had directed that the sheriff's deed conveying the property to Fred G. Shreve be withheld by the sheriff. It was alleged that the real estate is of the fair value of $30,000, that C. L. Shreve is entitled to receive the proceeds therefrom above the amount necessary to satisfy the mortgage, and, therefore, that he has property or property rights within the jurisdiction of the court; that Fred G. Shreve is the claimant of the real estate as well as of the personal property thereon and hence he also has within the jurisdiction of the court property claimed by him and also claimed by the plaintiff; that it is essential in order that justice and equity be done that he be joined as a party defendant. Claiming the rights accruing to her under the Act of May 23, 1907, P. L. 227, and its supplements of April 27, 1909, P. L. 182, and July 21, 1913, P. L. 867, 48 P. S. sections 131 and 132, plaintiff prayed, among other things, that the court direct service of the bill on C. L. Shreve and Fred G. Shreve, though nonresidents. The order was entered, service was made in Oklahoma, an appearance de bene esse was entered for both defendants, petitions to set aside the service were filed, the court refused to set it aside as to Fred G. Shreve and we here have his appeal from the court's order. The petition to set aside the service made on C. L. Shreve has not been heard by the court below.

The acts referred to, enlarging the rights and remedies of married women in case of desertion or nonsupport, provide that a wife whose husband has separated from her and has neglected or refused to provide suitable maintenance for her, may bring her action at law or in equity against him for maintenance in the court of the

county where the desertion occurred, or where she is domiciled, and that the court shall make and enforce such orders and decrees as the equities of the case demand. It sets forth that whenever such husband shall absent himself from the Commonwealth, proceedings may be had against any property of his, real or personal, necessary for the maintenance of the wife and that the court may direct a seizure and sale or mortgage of such estate for the wife's maintenance, and service upon the defendant shall be made in the manner provided by the Act of April 6, 1859, P. L. 387. That act directs that it shall be lawful for any court having equity jurisdiction in any suit in equity instituted therein "concerning goods, chattels, lands, tenements or hereditaments......situate or being within the jurisdiction of such court, or concerning any charge, lien, judgment, mortgage, or encumbrance thereon" to order that process be served upon any defendant or defendants therein, residing or being out of the jurisdiction of such court, wherever he or they may reside or be found and upon proof of service to proceed as fully and effectually as if the same had been made within the jurisdiction of the court.

Appellant argues that because one of the prayers for relief asked that a sum upwards of $10,000, representing the proceeds of the sheriff's sale above the mortgage, be paid into court and held as security for the payment of any order of support which may be made and because there is no allegation that Fred G. Shreve had upwards of $10,000 within the jurisdiction of the court at the time the bill was filed, such an order would be a personal one, and if it develops that he has received a part of the personal property and has removed it from the jurisdiction of the court, then the court under its assumed jurisdiction would be making a personal order against him to return the same, and likewise as to any rents that he may have received from the property, or any moneys that may have come into his hands from

growing crops, and that the court has no authority to make a personal order on the defendant. To sustain this contention Coleman's App., 75 Pa. 441; Wallace v. United Electric Co., 211 Pa. 473; Lebanon Valley C. W. S. Co. v. Commonwealth Trust Co., 257 Pa. 284, and Vandersloot v. Pa. Water & Power Co., 259 Pa. 99, are cited. We agree with the proposition that a personal decree cannot be entered against one not served within the court's jurisdiction, but no personal order is demanded in this case. The situation is this: The defendant, C. L. Shreve, has property within the jurisdiction of the court. The title to it is still in him. Under the order of the court below, the sheriff's deed to it has been withheld and not delivered and of course the terms of the sheriff's sale as to the payment of the consideration money have not been complied with. If the defendant, Fred G. Shreve, has any interest in this property, none the less the property is within the court's jurisdiction, and if he has not, then the judgment which he holds against the property is there, and the Act of 1859 expressly provides for extraterritorial service in any suit concerning lands, tenements and hereditaments or concerning any charge, lien, judgment or encumbrance thereon, so that whether it is said that his interest is in the land or in the judgment, both of them are within the court's jurisdiction.

The fact that one of the prayers of the bill asks that the money arising from the judicial sale of the real estate be ordered paid into court does not affect the question of service. If the court shall ultimately determine that the judgment in question was fraudulent, then it would not attach to the fund raised by the sheriff's sale and could not be used as an existing lien in payment of the consideration money. If the sale be consummated by the payment of the consideration, that money would be in the sheriff's hands in lieu of the real estate and would unquestionably be within the jurisdiction of the court. Just what order the court shall make after hear-

ing cannot now be known. On the facts as they at present appear, our conclusion is that the service on the defendant, Fred G. Shreve, was valid. On the state of the record, Fred G. Shreve, being a judgment creditor and claiming on his judgment to share in the fund raised from the property, was a necessary party to the bill, and has such property within the court's jurisdiction as made him amenable to extraterritorial service and to a decree affecting the property or his interest in it. We think this conclusion is substantially in accord with the rule defined in Coleman's Appeal and Vandersloot v. Pennsylvania Water & Power Co., cited above.

The appeal of defendant, Fred G. Shreve, is dismissed at his cost.