Boudwin *v.* Boudwin, Appellant.

Argued November 29, 1935. Before FRAZER, C. J., KEPHART, SCHAFFER, DREW, LINN and BARNES, JJ.

148

[redacted]

*John E. McDonough,* with him *R. Paul Lessy, Alex J. McCloskey, Jr.,* and *Joseph E. Pappano,* for appellant.

*J. DeHaven Ledward,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 6, 1936:

Mary A. Boudwin filed her bill in equity in the court below against her husband, Prince Albert Boudwin, a nonresident of the Commonwealth, complaining that he had deserted her in the County of Delaware and had refused to provide her with support. She invoked the remedies provided by the Acts of May 23, 1907, P. L. 227; April 27, 1909, P. L. 182, and July 21, 1913, P. L. 867, 48 P. S., sections 131-132, against the defendant's property, real and personal, located in the County of Delaware, praying the court to direct a seizure and sale or to mortgage sufficient of the estate to provide the necessary funds for her support. In the bill she did not set forth any particular property belonging to defendant, but contented herself with the allegation "that the said defendant has property, both real and personal, in the County of Delaware."

Following the filing of the bill plaintiff petitioned the court to direct service of the bill on defendant outside the jurisdiction with the usual endorsements calling for the entering of an appearance and the filing of an answer, with notice that failure to appear and answer would result in a decree pro confesso. Upon this petition the court entered a decree directing that service be made upon defendant wherever found and that upon return of service the case should proceed with the same effect as if service had been made within the jurisdiction. An affidavit was filed stating that service had been made upon defendant in the City of Wilmington, State of Delaware. Appearance was entered for defendant de bene esse, and he petitioned the court to set aside the

service. This the court refused to do and made an order directing defendant to appear and answer. The appeal is from this order.

The order is unwarranted. The acts of assembly authorizing a proceeding such as this one could not grant authority to a chancellor to require a defendant outside the jurisdiction of the court to appear and answer. The proceeding contemplated by the statutes is against the property of a defendant who is outside the jurisdiction and is one purely in rem. It may be proper to give a defendant beyond the jurisdiction notice of the pendency of such a proceeding. He may ignore the notice if he likes. The proceeding will go ahead against any property of his within the jurisdiction which the court has taken within its grasp. This in effect is what we decided in Shreve v. Shreve, 305 Pa. 425, a case similar to this. We there agreed with the proposition that a personal decree could not be entered against one not served within the court's jurisdiction, but pointed out that no personal order was demanded, that the plaintiff's husband, who had deserted and failed to support her, had property within the jurisdiction, as had the other defendant, his brother, who was alleged to be acting in collusion with him to defraud the wife of her rights in his property. We said that such property within the jurisdiction could be affected by the court's decree, but we went no further.

In Hughes v. Hughes, 306 Pa. 75, we had occasion to review fully the powers of the court in this kind of proceeding against a deserting nonresident husband. Speaking through Mr. Justice DREW, we said (page 79): "Even if the defendant had been served with strict regard to the provisions of the Act of 1859 [which was not the case] no jurisdiction would have been conferred upon the court to make personal decrees against the defendant, as prayed for in the bill. No form of constructive service, whether substituted service outside the jurisdiction, or service by publication can give a court

power to make a binding decree in personam against a nonresident; it would not be due process of law: Pennoyer v. Neff, 95 U. S. 714." In this state of the law it is clear that the court below was powerless to enter the order appealed from.

One other matter requires attention. The bill mentioned no specific property owned by the defendant in the county and simply stated that defendant had property, real and personal, therein. Such an averment was insufficient upon which to found jurisdiction. The property of the defendant which the court is asked to seize must be specifically set forth in the bill. This matter was not adverted to in the court below and for that reason we shall not direct the dismissal of the proceeding. We authorize the court below to permit plaintiff to amend in order that the proceeding may go forward in the way the statute contemplates.

The order of the court below is reversed and set aside with a procedendo. Costs to abide the final result.