Crane *v.* Crane (et al., Appellant).

Argued January 9, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and ARNOLD, JJ.

reargument refused March 24, 1953.

*W. Davis Graham,* for appellant.

*William J. Kenney,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, February 13, 1953:

The issue here is one of jurisdiction.

Plaintiff, Jean M. Crane, a resident of Armstrong County, brought a bill of complaint in that county against her husband, Radford R. Crane, and Eljer Company, a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal office in Armstrong County. The bill alleged that her husband had separated himself from her without reasonable cause and was now living in Miami, Florida;

that he has refused and neglected to contribute to her maintenance and has fled from the Commonwealth for the purpose of evading his obligation to support her; that he has property within the jurisdiction of the court consisting of (a) approximately $16,000 on deposit in a bank in Kittanning; (b) real property situate in Kittanning, the title to which is held by them as tenants by the entireties; (c) a large number of shares of stock of Eljer Company, the certificates evidencing the ownership of this stock being in their names jointly; (d) dividends declared upon the stock but remaining unpaid by the Company.

The prayer of the bill was that the Eljer Company be enjoined from distributing any portion of the stock or paying out the accumulated dividends in which her husband has an interest until his liability for her support is determined by decree of the court; that the court fix the amount of money to which plaintiff is entitled for past and future maintenance; and that the court decree the seizure, sale or mortgage of the real estate and make such order for payment from the personal property as may be required to provide the necessary funds for her maintenance.

The court made an order that the defendant husband be served with a copy of the bill of complaint at Miami or wherever he may be found; whether or not such service has been made does not appear in the record. The Eljer Company filed a petition raising a question of jurisdiction under the Act of March 5, 1925, P. L. 23, contending that jurisdiction as to it depends upon the situs of its stock and the dividends declared thereon, and that any interest or right of the husband in such stock and dividends has its situs only where he resides; it was also asserted that the Act of May 23, 1907, P. L. 227, pursuant to which the proceedings were instituted, was unconstitutional, and that

4

any decree which would result in the taking of the stock and dividends would be in violation of the 14th Amendment to the Constitution of the United States; apparently, however, these latter contentions have been abandoned. The court refused to dismiss the case for want of jurisdiction and directed the Eljer Company to answer the averments of the complaint. The Eljer Company appeals from that order.

The Act of May 23, 1907, P. L. 227, as amended, provides that if any man shall separate himself from his wife without reasonable cause, and, being of sufficient ability, shall neglect or refuse to provide suitable maintenance for his wife, she shall be empowered to bring her action, at law or in equity, against her husband for maintenance, in the court of common pleas of the county where the desertion occurred, or where she is domiciled. It is further provided that proceedings may be had against any property, real or personal, of the husband necessary for the suitable maintenance of the wife, and the court may direct a seizure and sale, or mortgage, of sufficient of such estate as will provide the necessary funds for such maintenance. It further provides for service upon the defendant in the manner provided by the Act of April 6, 1859, P. L. 387.

An action such as the present is in the nature of an attachment proceeding—in rem or at least quasi in rem—and if service cannot be made on the principal defendant within the jurisdiction of the court it is imperative that there be property, real or personal, within the jurisdiction: *Jones v. Jones,* 344 Pa. 310, 312, 25 A. 2d 327, 328.

There are two questions here involved: (1) Are the shares of stock in the Eljer Company to be deemed property within the jurisdiction of the Court of Common Pleas of Armstrong County such as to confer

jurisdiction upon the court? (2) Can plaintiff in this proceeding obtain satisfaction out of property the title of which is in the name of herself and husband as tenants by the entireties?

It was generally held in most jurisdictions prior to the enactment of the Uniform Stock Transfer Act that shares of stock should be considered as located at the domicile of the state of incorporation of the company, the certificate being merely evidence of the fact of ownership of the shares and not itself constituting attachable property (see cases cited 122 A.L.R. 340, 358). What the Uniform Stock Transfer Act (in Pennsylvania, the Act of May 5, 1911, P. L. 126) aimed to remedy was the possibility that where shares of stock were attached in the state of incorporation the certificate evidencing the ownership of such shares might be transferred in another jurisdiction to a purchaser for value and without notice of the attachment: *Leff v. N. Kaufman's Inc.,* 342 Pa. 342, 348, 349, 20 A. 2d 786, 790. Accordingly it was provided, section 13, that no attachment or levy upon shares of stock for which a certificate was outstanding should be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined. In the present case, however, the danger thus sought to be avoided could not possibly exist, inasmuch as no effective transfer of the certificates of the stock could be made without the plaintiff's joinder; therefore, the purpose of the Act not being affected, the statute is here inapplicable. The Uniform Stock Transfer Act has not changed the actual situs of the shares nor deprived the courts of this state from exercising jurisdiction over stock in a Pennsylvania corporation owned by nonresidents (cf. *Harvey v. Harvey,* [C.C.A. 7], 290 Fed. 653, 659). What it has done is

to make the certificate also a res for the purpose of attachment and levy; thus, in *Mills v. Jacobs,* 333 Pa. 231, 4 A. 2d 152, it was held that, where the state of incorporation had adopted the Uniform Stock Transfer Act, the certificates of stock of a corporation of that state might be the subject of attachment execution in our own state. In short, as stated in Restatement, Conflict of Laws, §§53 and 104, shares in a corporation are subject to the jurisdiction of the state in which the corporation was incorporated, and the share certificate is subject to the jurisdiction of the state within whose territory it is. The only requirement is that where the shares are attached in the state where the company was incorporated the certificate evidencing the ownership of the shares must be seized or surrendered or its transfer enjoined, except where, as in the present case, such a requirement becomes unnecessary by reason of the fact that the defendant cannot convey title by transfer of the certificate without the joinder of the attaching creditor.

As far as the declared, but unpaid, dividends on the stock of the Eljer Company are concerned, they constitute a debt of the corporation (*Given's Estate,* 323 Pa. 456, 185 A. 778) and, as such, have a situs in this state for proceedings in the nature of a foreign attachment: Restatement, Conflict of Laws, §108.

The second question for consideration is whether plaintiff can obtain satisfaction of her claim for maintenance out of the stock held in the joint names of herself and husband as tenants by the entireties and the dividends declared thereon. This question does not really go to the matter of jurisdiction, but becomes a proper subject of inquiry only after the court has assumed jurisdiction of the proceeding. It may be pointed out, however, that the Act of May 23, 1907, P. L. 227, §2, provides that proceedings for a decree for main-

tenance of the wife "may be had against *any* property, real or personal, of said husband, necessary for the suitable maintenance of the said wife." The husband certainly has an interest in all property owned as tenants by the entireties, and there is no reason why that interest should not be applied to the support of the wife whom he has deserted; (see Acts of June 11, 1913, P. L. 468, and May 24, 1923, P. L. 446, as to execution against real property owned by the entireties). Accordingly, after an order shall have been made by the court for plaintiff's maintenance it may be implemented by proceedings which will enable her to enforce it by liquidation of the shares of stock and the accumulated dividends thereon owned by them as tenants by the entireties so as to enable her to obtain satisfaction out of her husband's interest therein.

Order affirmed.