Civera *v.* Civera, Appellant.

Argued March 26, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

44

*Foster A. Dunlap,* with him *Philip S. Polis,* for appellant.

*E. W. Furia,* with him *Furia & DiCintio,* for appellee.

OPINION BY GUNTHER, J., July 14, 1953:

Plaintiff filed a bill in equity alleging that her husband abandoned her; that he failed to provide for her support; and that she was entitled to support out of certain real estate owned by him in Philadelphia, under the Act of May 23, 1907, P. L. 227, §2, as amended, 48 P.S. §132. The bill further avers that they own a home by entireties at 1911 South Mole Street, Philadelphia, where she still resides; that the defendant was a resident of Ventnor, Atlantic City, New Jersey, at the time of the separation; and that the defendant is the owner in fee of premises 1827 South Broad Street, Philadelphia, from which he derives rent. The parties were married on December 23, 1943, and on May 7, 1951, while they were living in Ventnor, the defendant forced the plaintiff from the house and since then refused to live with her. The defendant was served by registered mail in Ventnor, New Jersey, pursuant to a decree of the lower court ordering him within fifteen days after

service to appear and within thirty days to answer. Preliminary objections raising the question of jurisdiction were filed. On January 28, 1953, the lower court overruled the objections and ordered the defendant to file answer on the merits within twenty days.

What is the jurisdiction of the court in this case? The Act of May 23, 1907, P. L. 227, §§1 and 2, 48 P.S. §§131 and 132, provides that whenever a man has separated himself from his wife without reasonable cause and shall neglect to support and maintain his wife, she may bring an action in equity in the county where the desertion occurred or she is domiciled, and proceedings may be had against any property, real or personal, of said husband and service may be made in the manner provided by the Act of April 6, 1859, P. L. 387, 12 P. S. 1254 and 1255. The Act, as amended, provides for two types of proceedings: One in personam against the husband as an individual, and the other in rem against his property within the jurisdiction of the court.

The rule is clear that the test of jurisdiction is the presence of property in the jurisdiction. *Jones v. Jones*, 344 Pa. 310, 317, 25 A. 2d 327. The property against which the plaintiff had chosen to proceed is specifically set forth in the bill of complaint. The action is in rem against the property, which is found in the territorial jurisdiction of the court, and complies with the Act of 1907. Defendant relies on *Boudwin v. Boudwin*, 320 Pa. 147, 182 A. 536. In that case plaintiff filed a bill wherein the court was asked to direct service on her non-resident husband, and to enter a decree pro confesso if defendant failed to appear and answer. The court ordered service on defendant, and, on return of service, to proceed as if service had been made within the jurisdiction. The Supreme Court set aside the order. "A proceeding under the act will be

46

treated as one for relief in personam or in rem as the facts averred in the petition indicate." *Eldredge v. Eldredge*, 128 Pa. Superior 284, 289, 194 A. 306. In the *Boudwin* case, supra, plaintiff averred that defendant was a non-resident; it therefore follows that the court could not have jurisdiction in personam. The petition failed to list defendant's property within the jurisdiction in sufficient detail to establish a proper basis for an in rem proceeding. The Supreme Court reversed the chancellor's order with a procedendo, to allow plaintiff to amend her bill and proceed in rem. Cf. *Shreve v. Shreve*, 305 Pa. 425, 158 A. 151.

In the case now before the court the plaintiff asks for no personal decree. If the defendant ignores the order to appear, he suffers no penalties because none have been asked for and the case would proceed as an action in rem against property of the defendant, within the territorial jurisdiction of the court. We do not regard the decree as a mandatory order against the defendant.

Defendant's preliminary objections also averred that plaintiff is barred from bringing the present suit by an antenuptial agreement recorded with the Recorder of Deeds in Philadelphia. That is not a jurisdictional question, or one properly raised by preliminary objection, under Pa. R. C. P. 1017(b), which is controlling: Pa. R. C. P. 1509(a). "In the case of Taylor v. McCafferty, 27 Pa. Superior Ct. 122 (1905), at p. 126, this court said: 'The motion on a conditional appearance must be directed only to some formal defect in the bill or irregularity in the service, with nothing by way of defense on the merits. If it presents anything in the nature of a reply to the matters contained in the bill, it goes beyond the scope of a conditional appearance, and implies submission to the judgment of the court on such reply. It thus operates as an appearance

to the action, and also as an answer or demurrer, according to the nature of the reply, and hence as a waiver of any formal defect in the bill or defect in the service.' By filing a pleading, at least in part to the merits of the cause, brings [sic] the defendant into court for all purposes." *Thomas v. Thomas et al.*, 112 Pa. Superior Ct. 578, 584, 172 A. 36. The question arose there under the Act of March 5, 1925, P. L. 23, but decisions under that Act are applicable to problems arising under Pa. R. C. P. 1017(b) ; *Barraclough v. Barraclough*, 167 Pa. Superior Ct. 608, 610, 76 A. 2d 504. See *Byers v. Byers*, 208 Pa. 23, 57 A. 62. Defendant has put forth a substantive defense to plaintiff's bill, and so must be considered to have submitted himself to the jurisdiction of the court for all purposes.

The court has jurisdiction to grant the relief sought against the property of the defendant situate within this Commonwealth.

Order is affirmed.