## Samuels, Appellant, *v.* Hirz.

Argued April 15, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Daniel M. Berger,* with him *Berger & Berger,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, J., June 10, 1959:

The question presented by this appeal is the liability of the husband of a deceased wife to the wife's natural daughter for bills paid by the daughter in connection with the wife's last illness and death, where the husband and wife were separated and the husband was under an order of support. The court below sustained the husband's preliminary objections and dismissed the daughter's complaint. This appeal by the daughter followed.

Appellant's complaint in assumpsit avers that her mother died intestate on February 20, 1957, that the mother's estate was insolvent, and that the daughter "was compelled" to pay funeral expenses in the amount of $536.00, and a hospital bill in the amount of $1130.82. While the complaint further avers that appellant was appointed administratrix, suit was not instituted by appellant in her fiduciary capacity, but as an individual. Appellant also sought to recover for bills submitted by two physicians covering medical services rendered decedent in total amount of $392.00. However, the complaint avers that appellant "is not legally obligated to pay these bills", and that she in fact did not pay them. There can be no question as to the propriety of the lower court's action in dismissing appellant's complaint in this regard.

Counsel for appellant asserts that the precise issue on this appeal is one of first impression in Pennsylvania. At common law, and as a general rule, the husband is liable for his wife's funeral expenses, and his liability is not altered by the fact that, at the time of

death, the husband and wife were living apart. See 41 C.J.S., Husband and Wife, Section 61. It is well established in this Commonwealth that a husband assumes the duty of reasonably supporting his wife when he marries, and his duty is a continuing one of which, in the absence of grounds for divorce, he cannot relieve himself by separation: *Commonwealth v. Dugan,* 162 Pa. Superior Ct. 10, 56 A. 2d 683; *Commonwealth v. Kieler,* 160 Pa. Superior Ct. 435, 51 A. 2d 514. The obligation is imposed by law as an incident of the marital status: *Commonwealth v. Berfield,* 160 Pa. Superior Ct. 438, 51 A. 2d 523; *Commonwealth ex rel. Shaffer v. Shaffer,* 175 Pa. Superior Ct. 100, 103 A. 2d 430. We have uniformly held that a surviving husband is liable for the funeral expenses of his deceased wife where the parties are living together at the time of her death. See *Mitchell's Estate,* 79 Pa. Superior Ct. 208; *Koska's Estate,* 176 Pa. Superior Ct. 519, 108 A. 2d 829. Our view is that this liability, like the obligation to support, is not altered by the separation of the parties. Certainly the existence of a support order should not relieve the husband of his liability. In *Barnes v. Starr,* 144 Md. 218, the husband was held liable for the funeral expenses of his deceased wife, even though they were separated and he was under an order of support. In that case it was said: "The duty of a husband to bury his wife in a suitable manner is involved in the obligation to maintain her while living, and rests also upon a due regard for the decencies of life, and the health of the public".

We are also of the opinion that a husband, although separated and under a support order, is liable for the expenses of his wife's last illness. Section 622 of the Fiduciaries Act of 1949[1] accords preferred treatment

---

[1] Act of April 18, 1949, P. L. 512, Section 622, 20 P.S. 320.622.

to "(3) The costs of the decedent's funeral and burial, and the costs of medicines furnished to him within six months of his death, of medical or nursing services performed for him within that time . . ." Thus, by statute, expenses of the last illness are placed in the same classification and have the same order of payment as funeral expenses. In Pennsylvania, where the parties are not living separate and apart, the surviving husband is unquestionably liable for the expenses incident to his wife's last illness and death: *Conn's Estate*, 65 Pa. Superior Ct. 511; *Waesch's Estate*, 166 Pa. 204, 30 A. 1124. So far as this liability is concerned, we perceive no logical difference between the wife's funeral expenses and the expenses of her last illness. As previously demonstrated, the surviving husband's liability is not altered by the separation of the parties or the existence of a support order.

Finally, we are unable to agree with the court below that this appellant should be denied recovery on the ground that she was a mere volunteer. The lower court reasoned that "when a child renders service to a parent during the parent's lifetime and makes claim for payment against the estate there is a very strong presumption that the services are gratuitous, therefore no payment can be demanded unless a contract to reward has been proved by clear, distinct and positive evidence", citing *Mack's Estate*, 278 Pa. 426, 123 A. 462, and *Reed's Estate*, 152 Pa. Superior Ct. 389, 33 A. 2d 251. Those cases are readily distinguishable, as they involve situations in which claim was made against the decedent's estate by a child for services performed during the lifetime of the decedent. We are not persuaded that the presumption which arises under such circumstances is applicable to the factual situation in the case at bar. In *Hodge v. Cameron*, 132 Pa. Superior Ct. 1, 200 A. 238, it was held that an un-

dertaker might properly be selected and funeral arrangements made by next of kin closely related to the decedent, and that under such circumstances the estate was liable for payment. In *Kanai v. Sowa,* 109 Pa. Superior Ct. 426, 167 A. 429, we refused to open a default judgment entered by a mortician against the husband for the expenses of his deceased wife's funeral, although the mortician's services had been performed at the request of decedent's children by a former marriage. Our view is in accord with the rule in other jurisdictions. In *Weinstein v. Lotsoff,* 232 Ill. App, 566, an undertaker recovered the amount of the wife's funeral expenses from the husband, even though the parties were separated. The court held that the fact that the funeral arrangements had been made by others did not affect the situation, and stated that the husband would be liable over to third parties who might pay the expenses. In *Mondock v. Gennrich,* 19 N. J. Misc. 499, it was held that the brother of a deceased wife could recover the amount of the wife's funeral bill from the surviving husband although the parties were living apart and the husband had not made the funeral arrangements.

Order reversed with a procedendo.