## Grimes *v.* Grimes, Appellant.

Argued March 14, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Francis T. Anderson,* for appellant.

*Louis D. Apothaker,* with him *Marvin Comisky,* and *Blank, Rudenko, Klaus & Rome,* for appellee.

OPINION BY MR. JUSTICE BOK, May 2, 1961:

This is a case brought in Philadelphia under the Act of May 23, 1907, P. L. 227, as amended by the Act of December 15, 1955, P. L. 878, 48 PS §§131, 132.

The complaint and evidence show that the parties were married on January 14, 1956, and lived together in Montgomery County until December 2, 1956. Defendant then left his wife without reasonable cause and moved to Philadelphia, where he lived until some time in 1960. Under agreement, he paid her monthly $290 for two years and then $300 for two more. Since May 1, 1960, he has paid nothing and has left the Commonwealth. Plaintiff has not been a resident of Philadelphia County and is now a resident of Chester County.

The court below issued a preliminary injunction against the corporate defendants to prevent their taking or paying out assets belonging to the husband defendant. Defendant husband then filed a preliminary objection to the action, averring lack of jurisdiction in the Philadelphia court. Two banks and two stockbro-

kers were also joined as defendants but at the preliminary hearing counsel was satisfied that they had nothing belonging to defendant and discontinued the action against them. The court overruled the preliminary objection and upheld its jurisdiction. Defendant husband appealed.

Although the point has not been raised, the recency of our decision in *Drummond v. Drummond,* 402 Pa. 534 (1961), 167 A. 2d 287, compels us to observe that the banks and stockbrokers were improperly joined as defendants, since the Legislature has seen fit to give the wife an action in personam against the husband alone (section 1, 48 P.S. §131), and against the property in rem (section 2, 48 P.S. §132). The banks and stockbrokers may therefore enter the case as garnishees after the suitability of the wife's maintenance has been determined, but they have no place as original defendants.

The preliminary objection is based on a single point, that under the Act of 1907, as amended by the Act of 1955, an action under them may be brought only "in the court of common pleas of the county where service may be had on the husband as in other actions at law or in equity, or in the county where the desertion occurred, or where the wife or children are domiciled," and that the complaint shows on its face the lack of all of these requirements. Defendant relies on *DuPuy Estate,* 373 Pa. 423 (1953), 96 A. 2d 318, where we said: "Counsel for the deserted wife further argues that the wife is entitled to an in rem decree against the property of appellant within Allegheny County irrespective of her domicile. Reliance is placed upon the second section of the Act of 1907, supra, which provides for proceedings against the property of a deserting husband *without mention of any requirement of domicile.* But this section of the Act was early construed to authorize an action only in the court referred

to in the first section; viz., 'the court of common pleas where the desertion occurred, or where she is domiciled . , .' See: Hunnings v. Hunnings, 55 Pa. Superior Ct. 261; Harrison v. Harrison, 107 Pa. Superior Ct. 161, 163 A. 62; Eldredge v. Eldredge, 128 Pa. Superior Ct. 284, 288, 194 A. 306. Whatever merit there may be in appellee's argument that the two sections should be construed independently, after the appellate court has construed the act, we would be reluctant to overrule a statutory construction so long acquiesced in by the Legislature." (Original emphasis).

Since 1953, when *DuPuy* was written, the Act has been amended by the Act of 1955. This amendment added to section 1 of the Act of 1907 the phrase "the county where service may be had on the husband as in other actions at law or in equity" as a third locus of venue, and to section 2 the phrase, in the provision for service, "as in other actions, at law or in equity." The phrases thus added clearly meld the venue provisions of the two sections, including the action in rem that is the subject of the Act of April 6, 1859, P. L. 387, 12 PS §§1254 & 1255, whose title refers to equity process "concerning property within the Jurisdiction of the Court, and on the Defendants not resident or found therein." Thus we regard jurisdiction of the person as established by section 1 and jurisdiction of the *res* as established by section 2, with venue of the action established by both sections together in the county (a) where the desertion occurred, (b) where the wife and children reside, (c) where service can be had on the defendant as in other actions, at law or in equity, and (d) hence, since the action in rem under section 2 is "another action", in the county where property is and the defendant is not. We said in *Jones v. Jones,* 344 Pa. 310 (1942), 25 A. 2d 327: "The test of jurisdiction, the subject of this appeal, is the presence of property in the jurisdiction," and it may be seized and sold under

the Act, with service made on the owner defendant whatever he may be: *Shreve v. Shreve*, 305 Pa. 425 (1931), 158 A. 151. It is important not to confuse jurisdiction and venue in this type of action. Nor need we concern ourselves with the situation in *Boudwin v. Boudwin*, 320 Pa. 147 (1936), 182 A. 536, where we held that no order could be made against the nonresident defendant personally because the proceeding was strictly in rem; in the instant case the husband defendant has entered a general appearance and filed a pleading. See *Civera v. Civera*, 174 Pa. Superior Ct. 43 (1953), 98 A. 2d 432. Hence both he and his property are in Philadelphia.

We are satisfied that the court below had jurisdiction. The order is affirmed, costs to be paid by appellant.

---

CONCURRING OPINION BY MR. JUSTICE COHEN:

I do not concur in the majority's dictum interpreting Section 1 of the Act of 1907, as amended by the Act of 1955 (48 PS §§131, 132), which section the majority concedes gives the wife an equitable action in personam against the husband. The majority now limits the wife's in personam action by denying her the right to proceed in the same action against the holders of her husband's property and relegating such relief to a separate proceeding to enforce the in rem remedy provided for in Section 2. This misconstrues the Act. Since the legislature has given the wife recourse to an equitable proceeding our court should not restrict the method by which she exercises her newly acquired rights, nor limit the type of remedy she might pursue in order to obtain full satisfaction. Hence, I concur in the result only.