371 A.2d 925

**Lydia S. JENKINS, as mother and natural guardian of Lori S. Jenkins, a minor and Lydia S. Jenkins, in her own right, Appellants,**

**v.**

**William J. JENKINS.**

Superior Court of Pennsylvania.

Argued March 15, 1976.

Decided March 31, 1977.

Joseph F. Keener, Jr., Norristown, for appellants.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred when it sustained preliminary objections to her complaint in assumpsit for retroactive support. We do not agree and, therefore, affirm the dismissal of appellant's complaint.[1]

On December 30, 1974, appellant filed a complaint for support for herself and her minor child in the Court of Common Pleas of Montgomery County. On February 14, 1975, the lower court ordered appellee to pay $110 per week from the effective date of the order. No appeal was taken from this order.

On May 13, 1975, appellant filed a complaint in assumpsit alleging, *inter alia,* that she and appellee were

---

1. Appellant also claimed a one-half interest in certain bank accounts. The lower court denied preliminary objections in respect to this claim, but granted appellee's motion for a more definite pleading. No appeal was taken from this portion of the lower court order.

married on June 25, 1951, that she has custody of the parties' minor child, that appellee deserted her on December 7, 1974, and that he provided only $60 per week in support from that date until the entry of a support order for $110 per week on February 14, 1975. Appellant does not allege that she expended any of her own money for the support of herself and her child during the period from December 7, 1974, to February 14, 1975. On April 2, 1975, appellee filed preliminary objections to appellant's complaint raising the bar of *res judicata*, a demurrer, and misjoinder.[2] The lower court granted appellee's preliminary objections on July 17, 1975; this appeal followed. Appellant contends that she has stated a valid cause of action under the Act of May 23, 1907, P.L. 227, § 1 et seq., as amended, 48 P.S. § 131 et seq., and that the Act authorizes retroactive support to the date of separation.

The Act of May 23, 1907, P.L. 227, as amended, provides that if any man shall separate himself from his wife without reasonable cause, and is able to support his wife and children but does not do so, she is empowered to bring an action, at law or in equity, against her husband for maintenance, in the court of common pleas of the county where the desertion occurred, or where she is domiciled.[3] The Act further provides that the wife may

2. Appellant did not seek to amend her complaint pursuant to Rule 1028(c), Pa.R.C.P.; and we, therefore, must assume that she cannot. Appellant is, therefore, put out of court on this cause of action; and she may appeal. Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, No. 223, art. III, § 302; 17 P.S. § 211.302 (1976 Supp.).

3. Although the issue is not raised, we note that our Supreme Court has held that a presumption that the father must accept the principal burden of financial support for minor children, solely because of his sex, and without regard to the relative financial ability of both parents, is a violation of Article I, § 28 of the Pennsylvania Constitution. *Conway v. Dana,* 456 Pa. 536, 318 A. 2d 324 (1974). See also *Costello v. Le Noir,* 462 Pa. 36, 38 n. 1, 337 A.2d 866, 867 n. 1 (1975). The Act of 1907 and the decisions interpreting it speak of masculine and feminine rights and duties, which may have lost their validity after the Supreme Court's decision in *Conway v. Dana,* supra.

**460**

proceed against any property, real or personal, of the husband necessary for the suitable maintenance of the wife and children and that the court may direct a seizure and sale, or mortgage, of all or part of the husband's estate to provide sufficient funds to discharge the husband's obligation. See *Drummond v. Drummond,* 414 Pa. 548, 200 A.2d 887 (1964); *Grimes v. Grimes,* 403 Pa. 638, 170 A.2d 114 (1961); *MacDougall v. MacDougall,* 397 Pa. 340, 155 A.2d 358 (1959); *Crane v. Crane,* 373 Pa. 1, 95 A.2d 199 (1953); *Erdner v. Erdner,* 234 Pa. 500, 83 A. 420 (1912); *Gessler v. Gessler,* 181 Pa.Super. 353, 124 A.2d 502 (1956); *Eldredge v. Eldredge,* 128 Pa.Super. 284, 194 A. 306 (1937); *Yetter v. Yetter,* 45 Pa.Super. 332 (1911); *Dixon v. Dixon,* 5 D & C 2d 634 (1955); *Malone v. Malone,* 82 D & C 479 (1952).

The Act of 1907 authorizes two types of actions: one *in personam* and one *in rem*. The first of these is an action by the deserted wife to recover from her husband the amount expended from her separate estate for the necessary support and maintenance of their children, and for herself unless barred by her conduct. *Gessler v. Gessler,* supra; *Adler v. Adler,* 171 Pa.Super. 508, 90 A.2d 389 (1952). It is based upon the husband's legal duty to support his wife and children. When he neglects this duty, one who supplies necessaries for their support is entitled to recover their cost in an action under the common law, which raises an implied promise by the husband to repay. *Keller v. Commonwealth,* 71 Pa. 413 (1872); *Samuels v. Hirz,* 189 Pa.Super. 492, 151 A. 2d 640 (1959); *Gessler v. Gessler,* supra, 181 Pa.Super. at 361–62, 124 A.2d at 505–506 (1956); Restatement, Restitution, § 76. Until the adoption of the Act of 1907 which eliminated the wife's incompetency under the common law to bring such an action, the wife's only remedy was to resort to criminal proceedings. See *Keller v. Commonwealth,* supra; *Adler v. Adler,* supra.

The second form of action authorized by the Act is an action *in rem* for future support. The court may order that real or personal property of the husband be sold or mortgaged to create a fund sufficient to support the wife and children. *Crane v. Crane,* supra; *Jones v. Jones,* 344 Pa. 310, 312, 25 A.2d 327 (1942).[4] A proceeding under the Act will be treated as one for relief *in personam* or *in rem* as the facts averred in the petition indicate, and the court should grant relief to the extent of its power. *Eldredge v. Eldredge,* supra.

Until the adoption of the Civil Procedural Support Act,[5] which allows an order of support to be made effective from the date of the filing of the complaint, all orders of support were made effective from the date of the order. See *Keller v. Commonwealth,* supra; *Commonwealth ex rel. Eppolito v. Eppolito,* 245 Pa.Super. 93, 369 A.2d 309 (1976); *Commonwealth ex rel. Bishop v. Bishop,* 234 Pa.Super. 600, 341 A.2d 153 (1975); *McGavic v. McGavic,* 222 Pa.Super. 246, 294 A.2d 795 (1972); *Commonwealth ex rel. Herman v. Herman,* 97 Pa.Super. 453 (1929); *Commonwealth v. MacMaster,* 88 Pa.Super. 37 (1926). Although the Act of 1907 does not specify when support orders made under its authority are to be effective, it is important to remember that the Act of 1907 changes the common law disability of a wife to pursue her own support action without resort to the penal law. We are required to give narrow construction to all acts of the Legislature adopted prior to May 28, 1937, which are in derogation

---

4. To the extent that the Act authorizes an assumpsit action, the court's jurisdiction is *in personam;* and the husband must be served personally. *Grimes v. Grimes,* supra; *Boudwin v. Boudwin,* 320 Pa. 147, 182 A. 536 (1936); *Eldredge v. Eldredge,* supra. To the extent that the Act authorizes a proceeding *in rem,* the court's jurisdiction cannot be exercised unless there is property of the husband within the county. *Crane v. Crane,* supra; *Duncan v. Duncan,* 265 Pa. 464, 109 A. 220 (1920); *Gessler v. Gessler,* supra.

5. Act of July 13, 1953, P.L. 431, § 1 et seq.; 62 P.S. § 2043.31.

of the common law. Act of May 28, 1937, P.L. 1019, art. IV, § 58; 46 P.S. § 558. See *Wallaesa v. Wallaesa,* 174 Pa.Super. 192, 100 A.2d 149 (1953). We must, therefore, presume that the Act of 1907 did not disturb the well-established rule that support orders were prospective from the date of the order only. *Keller v. Commonwealth,* supra.

We are supported in the conclusion that the Act of 1907 did not change the law regarding retroactivity of support orders by two cases which have interpreted the Act. In *Jones v. Jones,* 348 Pa. 411, 35 A.2d 270 (1944), a New York resident appeared specially to contest the jurisdiction of the Pennsylvania court in an action brought by his wife under the Act of 1907 to attach his interest in certain trust estates which were vested subject to divestment if he predeceased his mother. See *Jones v. Jones,* 344 Pa. 310, 25 A.2d 327, supra. After protracted litigation involving three appeals to our Supreme Court, the Court finally entered a support order and made it effective from the date of the order of the lower court from which the first appeal was taken. Citing *Keller v. Commonwealth,* supra; *Commonwealth ex rel. Herman v. Herman,* supra. Thus, in affixing the earliest possible effective date of the support order for an action brought under the Act of 1907, the Supreme Court chose to adopt the practice of prior cases brought under the criminal support statutes.

In *Gessler v. Gessler,* supra, 181 Pa.Super. at 361, 124 A.2d at 505, our Court recognized that "[s]ection 2 of the Act of 1907 provides for an action *in rem* against the husband's property in a proceeding for *future* 'suitable maintenance' of the wife; it does not prescribe the procedure for the collection of the value of necessaries which had been supplied for the support of the wife and minor children." (Emphasis in original). The Court clearly characterized the two actions authorized by the Act as an action for *future* support and an action for

past expenditures. We, therefore, conclude that to the extent that a court characterizes an action brought under the Act of 1907 as one for support, an award may be granted only prospectively from the date of the order. Cf. *Jones v. Jones,* supra; *Gessler v. Gessler,* supra.

■ In the instant case, appellant's complaint does not allege that she expended any funds from her separate estate during the period between the date of the alleged desertion, December 7, 1974, and the effective date of the support order, February 14, 1975. We have concluded that the Act of 1907 authorizes a suit by a deserted wife if she has made such expenditures. The lower court, therefore, properly sustained appellee's preliminary objections on this ground.

■■ We have also determined that the Act of 1907 authorizes a deserted wife to sue for support. There are two distinct reasons why the lower court properly sustained appellee's preliminary objections if we construe appellant's complaint as one for support. First, as we have noted, the Act of 1907 does not change the common law rule that an award of support will only be made effective from the date of the order. Second, appellant had already proceeded against appellee for support in an action commenced under the Civil Procedural Support Act, supra, which does allow an award of support retroactive to the date of filing the complaint. Appellant did not raise a claim to retroactive support and did not appeal from the court's order which gave support effective from the date of the order. It is well-settled that, when a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered and not appealed from is, as between the parties to the suit, final and conclusive with regard to all points of law relating directly to the cause of action in the litigation. *Borjes v. Wich,* 171 Pa.Super. 505, 90 A.2d 288 (1952). The Civil Procedural Support Act did not create any new causes of

action or substantive rights; the obligation of support is predicated upon the common law and the Crimes Code.[6] *Scuro v. Scuro*, 226 Pa.Super. 592, 323 A.2d 49 (1974). Thus, when appellant litigated and did not appeal her claim to support under the Civil Procedural Support Act, the order entered in that proceeding became *res judicata* on the issued of her entitlement to a retroactive award of support. Appellant could have attempted to establish her right to retroactive support at that time, but did not. She will not be allowed to commence a new action to relitigate that issue.

Thus, if construed as a complaint in assumpsit for past expenditures, appellant's complaint was properly dismissed because it failed to allege such expenditures. if construed as a complaint for support, appellant's complaint was properly dismissed because the Act of 1907 does not authorize retroactive support orders and because her complaint was barred by *res judicata*.

Order affirmed.

SPAETH, J., concurs in the result.

VAN der VOORT, J., files a dissenting opinion.

VAN der VOORT, Judge, dissenting:

The majority of our Court finds that a wife whose husband has deserted her is not entitled to bring an action under the Act of 1907 [1] in order to obtain support for herself and her children for the period of time between the date of her husband's desertion and the filing of a complaint for support under the Pennsylvania Civil Procedural Support Law.[2] I respectfully dissent.

6. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 4322.

1. Act of May 23, 1907, P.L. 227, § 1, 48 P.S. § 131, as amended.

2. Act of July 13, 1953, P.L. 431, §§ 1–14, 62 P.S. §§ 2043.31–2043.-44.

The Act of 1907, as amended, provides:

"If any man shall separate himself from his wife or children without reasonable cause, and, being of sufficient ability, shall neglect or refuse to provide suitable maintenance for his said wife or children, action may be brought, at law or in equity, against such husband for maintenance of said wife or children, in the court of common pleas of the county where service may be had on the husband as in other actions at law or in equity or in the county where the desertion occurred, or where the wife or children are domiciled, and the said court shall have power to entertain a bill in equity in such action, and shall make and enforce such orders and decrees as the equities of the case demand, and in such action, at law or in equity, the husband and wife shall be fully competent witnesses."

I see nothing in this Act to preclude a court of common pleas from awarding support as of the date of the husband's desertion, and I believe that the public interest precludes us from reading such a limitation into the statute. Certainly it is in the best interests of society to encourage married couples who have separated to attempt reconciliation before resorting to legal action when marital disputes arise. Section 7 of the Civil Procedural Support Law provides for orders of support effective only from the time the complaint is filed; therefore knowledgable attorneys will certainly advise their clients that delay in filing for support will cost them money if reconciliation is not effected, and the inevitable result of prohibiting a wife from collecting support as of the date of her husband's desertion can only be to encourage women to run to the courts every time husbands slam the front door after a marital spat. Section 3 of the Civil Procedural Support Act specifically states that the remedies provided by that Act are "in addition to and not in substitution of proceedings provided by law where there is desertion or a failure of duty to support." Could the

**466**

Legislature have been more specific? Clearly, sound public policy and the most reasonable interpretation of the relevant statutes demand that wives be permitted to delay filing for support under the Civil Procedural Support Law while they attempt reconciliation with their husbands, without being denied the right, in the event reconciliation fails, to later collect support for themselves and their children for this period.

I would reverse the Order of the court below.