## Society Hill Towers Tenants Association v. Society Hill Development, Inc.

*Philip H. Baer*, for plaintiffs.
*Roger F. Cox*, for defendants.

SABO, *J.*, May 3, 1976—

## FACTS

The original complaint in this matter was filed on May 22, 1975. On June 18, 1975, defendants filed

their original preliminary objections. The parties entered into a stipulation, before the Hon. Ned L. Hirsh, whereby plaintiffs would file an amended complaint and defendants would withdraw their original preliminary objections while reserving all rights.

After an extension of time, plaintiffs filed an amended complaint on December 4, 1975.

On December 17, 1975, defendants filed the present preliminary objections.

The discussion will deal with each of defendants' objections in order.

## I. MOTION TO STRIKE

Defendants contend that plaintiffs' complaint must fall because it demands "equitable remedies in the nature of injunctive and mandatory relief" while also asserting causes of action at law in assumpsit.

The fact that plaintiffs ask for greater relief than that to which they are entitled does not make the complaint defective: Tubman v. Schnellman, 30 Lehigh 118 (1962). The matter of improper items of damage is regulated at trial. The fact that the relief request is not justified is not a ground for attacking the complaint because, at the pleading stage, plaintiff is merely required to aver the relief he seeks: Ellis v. National Capitol Life Ins., 35 D. & C. 2d 490 (1964).

Furthermore, the fact that plaintiff requests equitable relief does not establish that the action is not an action at law, for if the trial court should decide that there is no basis for equitable relief, the demand may be regarded as mere surplusage: E. Hempfield Twp. v. Lancaster, 62 Lanc. 175 (1970).

Finally, defendants' challenge must fall because

a motion to strike cannot be used to attack the relief sought by plaintiffs on the ground that it is improper: Farnsworth v. Dorcon, Inc., 50 D. & C. 2d 366 (1970).

Therefore, defendants' motion to strike is denied.

## II.  MOTION TO DISMISS—IMPROPER PARTIES

Defendants claim that the Society Hill Tenants Association is an improper party. It is their contention that the complaint does not allege that the association comprises former or present tenants of Society Hill Towers.

In fact, plaintiffs' amended complaint defines the association as "comprising former and present tenants of Society Hill Towers," and alleges that all will sustain injury due to defendants' actions.

Furthermore, Pa.R.C.P. 2152 allows for suits by unincorporated associations.

Therefore, defendants' motion to dismiss—improper parties—is denied.

## III.  MOTION TO STRIKE—IMPROPER CLASS ACTION

Defendants also request the court to strike all averments relating to conduct against any individual not named as a plaintiff. This is based on the grounds that plaintiffs will not provide fair or adequate representations with respect to the claims of the parties on whose behalf the suit was filed.

Defendants also move to strike the class action aspects of the suit due to diversity of issues.

The amended complaint states that the Society Hill Towers Tenants Association comprises former

and present tenants of Society Hill Towers, all of whom have been, are, or will be injured by defendants' actions. The class consists of more than 2,000 persons. Plaintiffs, Feldman, Lissack, Hoffmeyer and Andereck, are currently tenants, and plaintiff, Livelle-Williams, is a former tenant.

The complaint alleges that all leases signed after 1972 and up to the present contained "pass-through" clauses which are "substantially similar." Furthermore, all plaintiffs received assessment bills of differing amounts.

Clearly, there are common questions of law and fact. Equally as clear is the fact that with more than 2,000 affected, it is "impracticable to join all as parties."

Thus, since the complaint alleges questions of fact and law which are common to the parties, and each type of person affected, i.e., present and former tenants, is represented by a party-plaintiff, this court feels that the class will be adequately represented.

Therefore, the motions to dismiss for inadequate representation and diverse factual issues is denied.

## IV. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

Defendants move the court to dismiss each count for failure to state a claim for which relief may be granted.

In its brief, the defense uses ten pages of text to argue for the dismissal of the complaint for failure to state a claim for relief. The text deals entirely with the substantive law on the matter at issue before the court, including the merits of its defense.

Preliminary objections cannot be used to raise substantive defenses against plaintiffs' right to recover. See, e.g., Civera v. Civera, 174 Pa. Superior Ct. 43, 98 A. 2d 432 (1953).

Beginning at page 3 of its brief, defendants argue the validity and enforcibility of "pass-through" clauses in the leases. For example, at page 3, defendants state:

". . . These clauses provide a proper and commonly used method of establishing a reasonable rental for the lease of space in multi-tenant building (sic) . . ."

Later, the brief states that "many different methods of stating rent are used by lessors to secure a satisfactory return above costs."

The defense also cites the "increasing inflationary pressure," and the practices in commercial leasing as reasons behind the use of "pass-through" clauses.

All of this, it appears, is a matter of evidence to be presented to the court.

Indeed, defendants' brief states that "our research has uncovered no authority to the effect that a rent provision of this nature is illegal per se."

In its brief, plaintiffs, too, probe deeply into the merits of the action. The defense cites numerous cases (in different jurisdictions) concerning the validity of "pass-through" clauses.

After reading both briefs, it becomes obvious that there are distinct questions of law raised by the case which require litigation to solve.

Plaintiffs raise the "unconscionability" of the "pass-through" clause, the waiver of enforcement of the clause and the possibility that the owners passed the costs on to the tenants twice. All of these

are legal issues which can only be determined following a full exposition of the facts.

Therefore, defendants' motion to dismiss for failure to state a claim for which relief can be granted is denied.

### ORDER

And now, May 3, 1976, it is hereby ordered and decreed that defendants' preliminary objections are dismissed, and defendants granted 30 days in which to file an answer to plaintiffs' amended complaint.