## Hogan v. Hogan

*William J. Gallagher*, for plaintiff.
*Francis R. Twordzylor*, for defendant.

SUGERMAN, *J.*, June 21, 1974—Plaintiff filed her complaint in equity, seeking enforcement of a judgment entered theretofore against her husband, defendant, representing arrearages accrued upon an order for support of plaintiff, also made previously by this court. Plaintiff's prayer for relief requests a seizure and sale of defendant's interest in real property owned by the parties as tenants by the entireties, and further asks that the proceeds of such sale, after payment of plaintiff's judgment, be held by a trustee and applied to future payments of support as the same fall due under the terms of the support order.[1]

---

1. More precisely, plaintiff seeks an order directing a private sale of her husband's interest in the entireties real estate to her at a price suggested in the complaint.

Defendant, by way of answer, new matter and counterclaim, denies many of the averments of the complaint, claims of plaintiff a sum equivalent to one-half of the fair rental value of the premises during the period the same was occupied exclusively by plaintiff, and requests a partition of the entireties estate.

From testimony adduced at the hearing, the chancellor makes the following

### FINDINGS OF FACT

1. Plaintiff, Lottie C. Hogan, resides at Chadds Ford, Pennsbury Township, Chester County, Pa., and defendant, Thomas P. Hogan, resides at Devon Apartments, 2401 Pennsylvania Avenue, Wilmington, Del.

2. Plaintiff and defendant were married on May 20, 1936, which marriage yet subsists; and defendant separated from plaintiff in September 1966 and has lived separate and apart from her since that date.

3. On June 13, 1950, plaintiff and defendant, as tenants by the entireties, acquired title to premises known as "Fair Acres," situate in the Village of Chadds Ford, Pennsbury Township, Chester County, Pa., more particularly described in a deed recorded in the Office of the Recorder of Deeds of Chester County, Pa., in Deed Book Z-23, Vol. 572, at pages 164, et seq.; the said premises are yet owned by the parties as tenants by the entireties, and plaintiff resides thereon and has so resided exclusively since defendant's separation in September 1966.

4. Following defendant's separation, plaintiff obtained an order for her support, entered against defendant by this court on April 5, 1967, at Sep-

tember Term, 1966, no. 152, directing defendant to pay the sum of $100 per week for the support of plaintiff.

5. As the result of arrearages accruing upon the said order for support, plaintiff caused a judgment in the sum of $13,600 to be entered in the Office of the Prothonotary of Chester County, Pa., in her favor and against defendant, which judgment remains unpaid.

## DISCUSSION

Plaintiff, by her complaint in equity, seeks to enforce a judgment in the sum of $13,600 entered against her husband, defendant, representing arrearages accrued upon an order for support made by this court in an earlier proceeding, and further seeks payment of such sums as may in the future fall due under the terms of the said order for support from the proceeds of the sale of defendant's interest in entireties real estate.

Plaintiff endeavors to enforce the judgment so obtained against real estate acquired by the parties in 1950 and owned by them as tenants by the entireties, and invokes the provisions of the Act of May 23, 1907, P.L. 227, sec. 1; April 27, 1909, P.L. 182, sec. 1(1); December 15, 1955, P.L. 878, sec. 1, 48 P.S. §131, and the Act of May 23, 1907, P.L. 227, sec. 2; April 27, 1909, P.L. 182, sec. 1[2]; July 21, 1913, P.L. 867, sec. 1; December 15, 1955, P.L. 878, sec. 2, 48 P.S. §132 (hereinafter collectively called the "Act of 1907").

Section 1(1) of the Act of 1907, 48 P.S. §131, generally authorizes an action in equity to enforce the substantive rights of a wife and children to support, and provides a remedy in addition to the remedies statutorily provided on the law side of the court: Martino v. Martino, 93 Montg. 236 (1970).

Section 1[2] of the Act of 1907, 48 P.S. §132, provides that proceedings seeking a decree for the support of a wife or children, as authorized by section 1(1), "may be had against *any property, real or personal of said husband*"[2] (emphasis supplied), and further provides that the court may direct the seizure and sale of such property to provide the funds necessary for such support: Drummond v. Drummond, 402 Pa. 534, 167 A. 2d 287 (1961).

Thus, the Act of 1907, asserted as the basis of plaintiff's action at bar, creates a remedy in equity enabling a wife to obtain a decree (order) of support. But plaintiff here is already armed with a decree (order) of support and actually seeks only to enforce it, or more accurately, seeks to execute upon a judgment obtained as the result of noncompliance with such previously obtained decree. Rather than grounding her request upon the Act of 1907, which provides neither the mechanics of execution against entireties property, nor a scheme of distribution following execution thereon, plaintiff properly should look to the statutory provisions of companion acts relating to the enforcement of decrees already obtained, whether in equity or at law.

Section 1 of the Act of June 11, 1913, P.L. 468, 48 P.S. §133 (hereinafter, the "Act of 1913"), permits the court to enforce compliance with such orders and judgments by issuing its writ of execution against any entireties real estate, whereupon the same is to be sold by the sheriff and, after satisfaction of such order or judgment, the proceeds of such

2. The emphasized language has been construed by this court to permit a decree obtained under the authority of the Act of 1907 against the interest of a husband in entireties real estate: Miller v. Miller, 17 Chest. 93, 47 D. & C. 2d 276 (1968); and see Crane v. Crane, 373 Pa. 1, 95 A. 2d 199 (1953).

sale remaining are to be divided equally between husband and wife.

The remedy, the manner of enforcement and the method of distribution are thus clear, and the task of the chancellor would be relatively simple if the Act of 1913 were the sole statutory provision on the subject. Unfortunately, it is not.

We note also, as we must, section 1 of the Act of May 24, 1923, P.L. 446, 48 P.S. §137 (hereinafter, the "Act of 1923"), providing, in material part, that such decree for support as theretofore obtained by a wife shall be entered as a judgment, that execution on such judgment may issue against entireties real estate, and that a sale may be ordered to satisfy the judgment so entered. Unlike the Act of 1913, however, section 2 of the Act of 1923, 48 P.S. §138, provides that the wife shall be entitled out of the proceeds of sale, *"to such sum of money as represents her share in such property, based on the proportionate part of the original purchase money furnished by her for the purchase of such property."* (emphasis supplied). Under this section, the wife may petition the court, prior or subsequent to the sale on execution, setting forth her claim against the proceeds.

It is at once apparent that, at least superficially, there exists a marked inconsistency between the Act of 1913, and the Act of 1923 concerning the proportionate share of the net proceeds to be distributed to the wife.

Such disparity has been recognized by at least one tribunal in the Commonwealth. In Popkin v. Popkin, 1 Bucks 218 (1950), the plaintiff-wife filed a petition prior to the instant action, seeking the entry of a judgment on unpaid arrearages accrued upon a decree awarding her alimony pendente lite,

and further seeking execution thereon pursuant to the provisions of the Act of 1923, and the Act of May 10, 1921, P.L. 434, sec. 1, 48 P.S. §136.[3] The court in such prior proceeding directed the entry of judgment against the defendant-husband, and although it did not act on plaintiff's request for execution, it provided that in the event of nonpayment of the judgment, the court would entertain a renewal of plaintiff's application for execution against entireties real estate. The judgment was not paid and plaintiff renewed her application for execution in accordance with the court's earlier decree. The Act of 1913, 48 P.S. §133, was cited to the court as the statutory provision under which execution and distribution should be had. In dealing with the inconsistency between the Act of 1913, proposed by plaintiff, and the Act of 1923, the court succinctly held, at page 219:

"Although both the Acts of 1913 and 1923 deal with the same subject matter and provide in part for the sale of real estate owned by husband and wife by the entireties upon a judgment obtained in favor of the wife and against her husband for support and maintenance, *the Act of 1923* [48 P.S. 137, et seq.] *supersedes the earlier act.*" (emphasis supplied).

and further, at pages 219-20:

"The desire of the Plaintiff to invoke the earlier act is undoubtedly induced by its provision that 'the

---

3. Permitting execution against any property "belonging to the defendant," and further authorizing attachment execution against any money or property "to which said husband is entitled," and providing that when attachment execution is issued pursuant to this section, further proceedings thereon shall be in accordance with the practice in foreign attachment.

proceeds of such sale or of any attachment execution, after the satisfaction of such judgment thereout, shall be divided between such husband and wife equally'. This is in direct conflict with paragraph 2 of the Act of 1923 . . ."

and lastly, at page 220:

"Since there is a direct conflict between the provisions of the two acts and since the Act of 1923 repealed all acts or parts of acts inconsistent therewith, it appears that distribution should be made as provided for in the Act of 1923 (citation omitted)."

Such language, however, must be read in the light of Commonwealth ex rel. Greenawalt v. Greenawalt, 347 Pa. 510, 32 A. 2d 757 (1943), holding that the Act of 1923 is prospective only, and applies to tenancies by the entireties created on or after the effective date of that act. The Greenawalt court suggested further, by implication, that application of the Act of 1923 to tenancies by the entireties created prior to the effective date of the act might well be unconstitutional.

In charting our course, we are here mindful of several prominent landmarks of statutory construction: A law may be repealed by implication, but the presumption is against implied repeal and is not favored (First National Bank of Millville v. Horwatt, 192 Pa. Superior Ct. 581, 162 A. 2d 60 (1960)); repeals by implication will not be implied unless there is an irreconcilable conflict between statutes embracing the same subject matter (1 Pa.C.S. §1936, §1971; 34 P.L. Encyc. 530, §177, n. 64, and cases cited therein); the inconsistency of two laws may result in the implied repeal of the earlier, but the inconsistency must be clear and strong, and the two laws *must* be irreconcilable (1

Pa.S. §1936, §1971; Jenner Township Annexation Case, 208 Pa. Superior Ct. 62, 220 A. 2d 385, affirmed 423 Pa. 609, 225 A. 2d 247 (1966)), inasmuch as the courts will adopt any reasonable construction which will permit *both* laws to stand: Duquesne Light Co. v. Monroeville Borough, 449 Pa. 573, 298 A. 2d 252 (1972).

Applying these standards, and the rule enunciated in Greenawalt, supra, the chancellor can only accept the Popkin holding with modification. The Acts of 1913 and 1923 can stand together when we hold, as in Greenawalt, that the Act of 1923 applies to tenancies by the entireties created on or after the effective date of that act, and the Act of 1913 applies to tenancies by the entireties created prior to such effective date. In the case at bar, the tenancy was created in 1950, and is accordingly governed by the Act of 1923.

In so holding, we are mindful that such view is not universal. In Reiter v. Reiter, 80 Dauph. 337 (1963), the plaintiff-wife sought a decree for maintenance, and execution on such decree against entireties real estate and certain securities owned individually by the defendant-husband. The court granted such relief under the authority contained in the Act of 1907, 48 P.S. §§131, 132, and directed distribution of the proceeds to be obtained from the sale of the entireties real estate to the parties equally, as provided by the Act of 1913, rather than proportionately, as provided by the Act of 1923, holding as it did, at page 344:

"While the Plaintiff might have proceeded against the tenancy by entirety real estate under the provisions of [the Act of 1923], this act would not have furnished a complete remedy in view of the Defendant-Husband's stock interest here in-

volved. *Further, the Act of 1923 does not purport to be an exclusive remedy for attaching a support lien against tenancy by the entirety real estate."* (emphasis supplied).

The Dauphin County Court then adds, at page 344:

"Upon application of the broad language of the Act of 1907 . . . the Supreme Court had no difficulty in attaching the Defendant-Husband's interest in shares of stock held as a̅ tenant by the entireties with the Wife-Plaintiff: Crane v. Crane [373 Pa. 1, 95 A. 2d 199 (1953)] . . ."

We do not quarrel with the latter proposition, but find little support in Crane for distribution of proceeds pursuant to the Act of 1913 as was directed by the Reiter decree. On the contrary, the Supreme Court in Crane enforced a decree for maintenance against defendant-husband's interest in securities held by the entireties, using the language of the Act of 1907 permitting proceedings for such decree to be had against any property, real or personal of the husband. We are not here confronted with the same situation, and are concerned only with the manner of enforcement and distribution of proceeds.

In summary, then, the chancellor finds that plaintiff has properly invoked the jurisdiction of equity to direct execution against entireties real estate upon a judgment heretofore obtained, and that such jurisdiction is founded upon the Act of 1923. Execution and distribution should, therefore, take place in accordance with that act.

Defendant, in the counterclaim contained in his answer, and in his memorandum of law, takes the position that plaintiff's act of filing her complaint in equity constitutes an offer to partition the entireties

estate, which offer defendant endeavors to accept. In light of the decree to be entered herein, it is unnecessary to treat this question.

Lastly, defendant seeks by his counterclaim to recover one-half of the fair rental value of the entireties real estate during the period the same was occupied exclusively by plaintiff. However, defendant neither pleaded nor proved that he was at any time excluded from the property, and appears to have voluntarily withdrawn and remained away therefrom to suit his own purpose and convenience. The chancellor has not found, nor is he cited to any, authority permitting the recovery of rental under such circumstances.

## CONCLUSIONS OF LAW

1. This court, in equity, has jurisdiction over the parties and subject of the within action.

2. Plaintiff is entitled under the provisions of the Act of 1923 to a decree enforcing the judgment in the sum of $13,600 heretofore entered on August 14, 1972, against defendant in the Office of the Prothonotary of Chester County, Pa., representing arrearages accrued upon an order for support made against defendant by this court on April 5, 1967.

3. Plaintiff is entitled to a decree enforcing the said order for support in the future at the rate of $100 per week.

4. A decree should be entered subjecting defendant's undivided interest in the hereinafter described real estate to a lien for the amounts so chargeable to defendant.

5. Payment of the aforesaid lien should be enforced by a sale of the said entireties real estate by a trustee to be appointed by the court, and the trustee, after paying the administration expenses and after

deducting such commissions as he is permitted by further decree of this court, should pay over to plaintiff the principal amount of the judgment heretofore entered, as aforesaid and such further sum as represents plaintiff's share in such property, based on the proportionate part of the original purchase money furnished by her for the purchase thereof, together with such sums as she may have expended for and on account of real estate taxes, fire insurance premiums, and payments of principal and interest upon any mortgage encumbering the said premises between the date of defendant's separation and the entry of the order for support, such latter two sums to be determined upon petition by plaintiff and proof thereof.

6. Plaintiff is entitled to a decree directing the trustee to retain any balance of proceeds remaining after payment of the foregoing sums, and pay the same over to plaintiff in weekly installments of $100 until the fund is exhausted, the order for support is terminated, or until further order of this court.

## DECREE NISI

And now, June 21, 1974, it is hereby ordered, adjudged and decreed:

1. The undivided interest of defendant, Thomas P. Hogan, in real estate described in this decree nisi is subject to the lien of a judgment in the sum of $13,600, representing arrearages having accrued upon an order for support made against defendant by this court on April 5, 1967, and is further subject to a lien for installments of support due in the future under the said order for support.

2. The trustee herein appointed shall seize and take possession of premises known as "Fair Acres"

situate in the Village of Chadds Ford, Township of Pennsbury, County of Chester and State of Pennsylvania, more particularly described in deed recorded in the Office of the Recorder of Deeds of Chester County, Pa., in Deed Book Z-23, Vol. 572, page 164.

3. The trustee herein appointed shall expose the said real estate for public sale, after public sale notice such as is required for the sale of real estate by the sheriff, and shall sell and convey the same to the highest bidder, or, in the alternative, the trustee may sell and convey the same at private sale for a price and upon terms and conditions subject to approval by the court upon petition filed by the trustee; after deducting the necessary and proper expenses and fees attendant to the sale and the cost of this action including the trustee's reasonable fee, he shall pay to plaintiff the sum of $13,600, representing the principal sum due upon the judgment entered against defendant in the Office of the Prothonotary of Chester County on August 14, 1972, and shall further pay to plaintiff such arrearages as may have accrued upon the said order for support from the date of the entry of the said judgment until the date of this decree nisi.

4. The trustee shall retain possession of any balance of proceeds obtained from the sale of the said real estate and shall pay the same to plaintiff in weekly installments in the sum of $100, together with such other sums as may be directed by further order of this court, until the fund realized from the sale be exhausted, the order for support be terminated, or further order of this court, whichever event shall first occur.

5. The sale and conveyance of such real estate under the provisions of this decree shall convey to

the purchaser or purchasers thereof good and valid title to the same without the joinder of either plaintiff or defendant, subject to all restrictions of record.

6. George A. Brutscher is hereby appointed trustee for the purpose of carrying out the directions of this decree, and he shall furnish bond in the sum of $20,000, with surety to be approved by the court for the faithful performance of his duties.

7. The prothonotary shall forthwith enter this adjudication and decree nisi and promptly notify the parties or their counsel thereof, and unless exceptions are filed within 20 days after such notice, the decree nisi shall be entered by the prothonotary, upon praecipe, as the final decree.